Michael D. TAYLOR, Plaintiff,

v.

Dee K. CARTER, Individually and as Agent for Lincoln Financial Group, Inc., and Employers Health Insurance Company, Defendants.

No. MO–96–CA–121.

United States District Court,
W.D. Texas,
Midland–Odessa Division.

Dec. 19, 1996.

Steven Lance Clack, Andrews, TX, for Plaintiff.

David R. Pierce, El Paso, TX, W. Clark Lea, Midland, TX, Richard G. Foster, Corpus Christi, TX, for Defendants.

## MEMORANDUM OPINION AND ORDER

FURGESON, District Judge.

Procedurally, the question addressed by this Memorandum and Order is whether Defendants properly removed Plaintiff's state law claims to federal court. Defendants argue that the basis for removal is federal question jurisdiction, namely that Plaintiff's state law claims are completely preempted by ERISA. *See* 28 U.S.C. § 1441(b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.") After hearing oral argument on Plaintiff's Motion to Remand, and upon review of the case law in this area, the court finds that it is without jurisdiction to entertain Plaintiff's claims. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks

subject matter jurisdiction, the case shall be remanded.").

## BACKGROUND

The facts giving rise to this lawsuit are not in dispute. Plaintiff was involved in an accident and incurred medical expenses. At the time of the accident, Plaintiff's employer, J.T. Meter and Valve Repair, Inc. (J.T. Meter) had in place a group insurance policy with either Employers Health Insurance Company or Lincoln Financial Group, Inc.[1] Plaintiff was a named beneficiary on the policy. For reasons yet unknown to this court, Plaintiff's claims were dishonored. Plaintiff then filed suit in the 109th District Court of Andrews County against Dee K. Carter, individually and as agent for Lincoln Financial Group, Inc. (Carter) and Employers Health Insurance (EHI). In his original petition, Plaintiff alleged that all three Defendants violated the Texas Deceptive Trade Practices Act (DTPA), the Texas Insurance Code (TIC) and the common law duty of good faith and fair dealing. After each defendant filed an answer in state court, the case was timely removed to this court. Plaintiff immediately moved to have the case remanded.

In their joint notice of removal, Defendants argue that removal to federal court is proper under ERISA which covers the insurance policy in question and completely preempts Plaintiff's state law claims. In response, Plaintiff argues that even if the employee benefit plan is governed by ERISA, which Plaintiff contests, he could not have brought suit in federal court under ERISA in the first place because he is neither a participant nor a beneficiary as defined in the statute. In order for Defendants to refute Plaintiff's argument, they must show this court that Plaintiff is not an "employer," as defined by ERISA. To that end, Defendants argue that the corporation, as a separate legal entity, is Plaintiff's employer and that Plaintiff is necessarily its employee. For example, Defendants point out that Plaintiff is only a minority shareholder, owning no more than 25.2% of the corporation during

---

1. Plaintiff's deposition reveals that there is some uncertainty as to what plan was in effect at the time of the accident. However, deciding which was the operative plan is not necessary for purposes of ruling on the Motion to Remand.

the relevant time period. Plaintiff's title within the company was that of Vice–President. Finally, Plaintiff's salary was always less than that of the company's President. As a fall back position, Defendants maintain that even if Plaintiff is a statutory "employer," he is nevertheless a beneficiary under the plan and thus subject to ERISA.

This, then, is a case whose outcome depends on the court's application of several statutory definitions. To that end, this court is very mindful that "the meaning of the statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, ... the sole function of the courts is to enforce it according to its terms." *Meredith v. Time Ins. Co.*, 980 F.2d 352, 356 (5th Cir.1993) (citing *Caminetti v. United States*, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442 (1917)). Finding the crucial statutory definitions in ERISA to be relatively clear, and not subject to undue speculation and conjecture on the part of the courts, this court holds that while the plan in question is governed by ERISA, because Plaintiff is neither a "participant" nor a "beneficiary" of the plan, he could not have maintained his original causes of action in federal court under ERISA. Thus, the court is devoid of subject matter jurisdiction and orders that Plaintiff's Motion to Remand be GRANTED.

## STANDARD OF REVIEW FOR REMAND

It is well established that Defendants, as the removing parties, have the burden of establishing federal subject matter jurisdiction under 28 U.S.C. § 1441. *See Tennessee Gas Pipeline v. Houston Casualty Ins. Co.*, 87 F.3d 150, 152 (5th Cir.1996) (citing *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252, 253–54 (5th Cir.1961)). Where removal jurisdiction is predicated on the existence of a federal question, the federal question generally must appear on the face of the plaintiff's complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); *Baker v. Farmers Electric Cooperative, Inc.*, 34 F.3d 274, 278 (5th Cir.1994). The removing defendant's interjection of a federal defense is normally insufficient to remove the case.

*Caterpillar*, 482 U.S. at 393, 107 S.Ct. at 2430. One exception to this rule, however, occurs where an area of state law has been completely preempted by federal law. *Id.* Complete preemption exists when the federal law occupies an entire field, rendering any claim a plaintiff may raise necessarily federal in character. *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 24, 103 S.Ct. 2841, 2854, 77 L.Ed.2d 420 (1983). Because ERISA's preemption is so comprehensive, it can provide a sufficient basis for removal to federal court even though it is raised as a defense, notwithstanding the "well-pleaded complaint" rule. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66, 107 S.Ct. 1542, 1547–48, 95 L.Ed.2d 55 (1987). The ERISA preemption clause, 29 U.S.C. § 1144(a), provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title."

It is important to note that although the existence of an ERISA plan is a necessary requirement for preemption, the converse is not true. *Weaver v. Employers Underwriters, Inc.*, 13 F.3d 172, 176 n. 9 (5th Cir.1994). The existence of an ERISA plan does not mean that there must be ERISA preemption. *Id.* State law causes of action are barred by § 1144(a) if

(1) the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; *and*

(2) the claims directly affect the relationship between the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries.

*Id.* at 176; *Memorial Hosp. System v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 (5th Cir.1990) (footnotes omitted). The court in *Weaver* held that state law claims by a nonparticipant and nonbeneficiary to a plan do not affect the relationship between the traditional ERISA entities. *Weaver*, 13 F.3d at 177. As such, those claims are not preempted by ERISA. Because, as will soon be detailed, this court likewise finds that

Plaintiff is neither a beneficiary nor a participant of the plan, and because both parts of the test must be met in order for § 1144(a) to apply, this court finds that Plaintiff's state law claims are not preempted by ERISA. That being the case, Defendants have improvidently removed Plaintiff's claims to federal court.

The United States Supreme Court has held that ERISA's preemptive force is so strong that where state law claims seek *relief available under ERISA's civil enforcement provisions* (ERISA § 502(a), 29 U.S.C. § 1132(a)(1)–(3)), federal preemption is "complete," i.e., state law is entirely displaced so that the *only* claim assertable is the ERISA claim. *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 54–55, 107 S.Ct. 1549, 1556–57, 95 L.Ed.2d 39 (1987) (emphasis in original) (cited in D. HITTER ET AL., FEDERAL CIVIL PROCEDURE BEFORE TRIAL, § 2D–68 (1996)). On the other hand, since only a plan participant, beneficiary, fiduciary, or the Secretary of Labor has standing to maintain an ERISA action under § 1132(a), claims by "non-ERISA entities" are not subject to complete preemption.

Here Plaintiff was neither the plan administrator, nor its fiduciary, beneficiary or participant. The court takes judicial notice that Plaintiff is not the Secretary of Labor. Under such circumstances, even though the plan happens to meet the requirements of an ERISA plan, Plaintiff would not have standing to maintain an enforcement action under ERISA in federal court. If Plaintiff was to initially bring such a claim, this court would be without jurisdiction to hear it. Having found that Plaintiff could not have maintained a civil enforcement action in federal court, and that ERISA does not completely preempt Plaintiff's state law claims, the court lacks subject matter jurisdiction to consider the removed action and will order that it be remanded to state court.

## ANALYSIS

### A. IS THE PLAN GOVERNED BY ERISA

 Whether Plaintiff is a beneficiary or a participant is relevant for purposes of remov-al jurisdiction only if the employee benefit plan in question is governed by ERISA. If it is, then the court will proceed to the second step of the analysis, the determination of whether or not Plaintiff is an "employer." If the plan is not, then the analysis stops there, and the case can safely be remanded.

Under 29 U.S.C. § 1003(a)(1), ERISA applies to any "employee benefit plan if it is established or maintained by any employer engaged in commerce or in any industry or activity affecting commerce; . . . ." Leaving aside for the moment the question of whether Plaintiff is a statutory "employer," there is little doubt that J.T. Meter, which is engaged in commerce, has established some sort of plan. The real issue, then, is whether the plan is an "employee benefit plan." 29 U.S.C. § 1002(3) defines an "employee benefit plan" or "plan" to mean:

[A]n employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan.

An "employee welfare benefit plan," in turn, is defined in 29 U.S.C. § 1002(1) as:

[A]ny plan, fund, or program which was . . . established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, . . . .

In *Meredith v. Time Ins. Co.,* 980 F.2d 352 (5th Cir.1993), the court of appeals devised a "comprehensive test" for determining whether a particular plan qualifies as an "employee welfare benefit plan:" whether a plan (1) exists; (2) falls within the safe-harbor provision established by the Department of Labor; and (3) satisfies the primary elements of an ERISA "employee benefit plan"—establishment or maintenance by an employer intending to benefit employees. *Id.* at 355. If any part of the inquiry is answered in the negative, the submission is not an ERISA plan. *Id.* To establish the existence of a plan, the

Fifth Circuit turned to a test devised by the Eleventh Circuit in *Donovan v. Dillingham,* 688 F.2d 1367, 1373 (11th Cir.1982):

> In determining whether a plan, fund, or program (pursuant to a writing or not) is a reality a court must determine whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source or financing, and procedures for receiving benefits.

In *Kidder v. H & B Marine, Inc.,* 932 F.2d 347, 353 (5th Cir.1991), the Fifth Circuit held that "payment of premiums on behalf of ... employees is 'substantial evidence that a plan, fund or program (was) established.'" *See Robinson v. Linomaz,* 58 F.3d 365, 368 (8th Cir.1995) (citing *Madonia v. Blue Cross & Blue Shield,* 11 F.3d 444, 447 (4th Cir. 1993); *Randol v. Mid–West Nat'l Life Ins. Co.,* 987 F.2d 1547, 1551 (11th Cir.1993); *Brundage–Peterson v. Compcare Health Services Ins. Co.,* 877 F.2d 509, 511 (7th Cir. 1989); *Credit Managers Ass'n v. Kennesaw Life & Accident Ins. Co.,* 809 F.2d 617, 625 (9th Cir.1987)). Even though the plan itself provided that covered employees were responsible for 50% of the premiums, Plaintiff's deposition revealed that, in fact, J.T. Meter paid 100% of the premiums for all eligible employees from the plan's inception. Having reviewed the plan and Plaintiff's deposition testimony, there is little doubt that a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits by simply looking at the plan. Thus, the first part of the test is met.

The second prong of the analysis asks whether the plan falls within the safe-harbor provision promulgated by the Department of Labor. Stated in the negative, if a plan meets all four criteria contained in 29 C.F.R. § 2510.3–1(j)(1)–(4), it falls outside the safe-harbor provision and is exempt from ERISA's coverage. *Gahn v. Allstate Life Ins. Co.,* 926 F.2d 1449, 1452 (5th Cir.1991). A plan falls outside the safe-harbor provision if (1) the employer does not contribute to the plan; (2) participation is voluntary; (3) the employer's role is limited to collecting premiums and remitting them to the insurer; *and* (4) the employer received no profit from the plan. All four criteria must be met in order for the exemption to apply. Because J.T. Meter paid 100% of the premiums for all covered employees,[2] thereby negating the first factor of the safe-harbor provision, the court need not address the remaining factors to find that the plan does not fall outside of the safe-harbor provision and that it is not exempt from ERISA. The second prong of the test is now in place. Finally, there is little doubt in the court's mind that the plan satisfies the primary elements of an "employee benefits plan" and was established by an employer for the benefit of employees.[3] Nothing this court has seen or heard thus far would make it conclude to the contrary. Having met all three criteria set out in *Meredith,* this court concludes that the plan in question is an "employee benefit plan" as defined by ERISA.

■ Plaintiff makes two arguments in opposition to the applicability of ERISA to the plan. First, Plaintiff contends that the plan itself never mentions it is governed by ERISA. Plaintiff's counsel represented to this court that, in his experience, if a plan was meant to be subjected to ERISA, that fact would be made conspicuous in the plan itself. While this may often be the case, neither the statute nor the accompanying regulations require a notation that the plan is covered by ERISA as a condition precedent to the applicability of the statute. Second, Plaintiff argues that because he never received a Summary Plan Description (SPD), as required by 29 U.S.C. §§ 1021, 1022, he is not a beneficiary of the plan, and the plan is, therefore, outside the bounds of ERISA. Plaintiff relies on *Hicks v. Fleming Cos.,*

2. *See* Plaintiff's Deposition—p. 71.

3. In *Donovan v. Dillingham,* 688 F.2d 1367, 1371 (11th Cir.1982), the court of appeals restated the definition of an "employee benefit plan" as five requirements: (1) a plan, fund, or program (2) established or maintained (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits, apprenticeship or other training programs, day care centers, scholarship funds, prepaid legal services or severance benefits (5) to participants or their beneficiaries.

*Inc.,* 961 F.2d 537 (5th Cir.1992), for support. Plaintiff is mistaken in both respects. While a plan administrator is statutorily required to provide beneficiaries and participants with a summary of coverage, attaining the status of either a beneficiary or a participant does not hinge on the receipt of an SPD. Both those terms are statutorily defined in 29 U.S.C. § 1002. Along those same lines, the determination of when a plan becomes subject to ERISA likewise does not hinge on the sending of an SPD by the plan administrator. While the administrator may be in breach of his fiduciary duties for failure to provide such notice, this failure has no effect on the status of the plan or on the status of who is a beneficiary or participant. *Hicks* dealt with a matter entirely different from the one at hand. The question confronted by the Fifth Circuit in *Hicks* was how to decide whether an insurance information booklet sent to Mr. Hicks rose to the level of an SPD and therefore trumped any inconsistent provisions found in the employee benefit plan. Since the issue addressed in *Hicks* is not before the court, it is of little help to Plaintiff on the question of ERISA's applicability.

Having determined that the plan is governed by ERISA, the court is now cognizant that Plaintiff's state law claims have at least a possibility of being preempted by ERISA, thus giving rise to removal jurisdiction. The court now moves to phase two of its analysis and the determination of whether Plaintiff is an "employer" as defined by ERISA. If Plaintiff is found to not be an "employer," there is no question that he is an employee, as opposed to an independent contractor. In that instance, the court will retain jurisdiction over Plaintiff's claims on the basis of ERISA. If, however, Plaintiff is found to be an "employer," the court must undertake the additional step of determining whether Plaintiff is also a "participant" or "beneficiary."

## B. IS PLAINTIFF AN EMPLOYER

### (1) Prevailing Schools of Thought

As far as the court can tell, there seem to be three different schools of thought con-

cerning whether a certain individual is an "employer" for purposes of ERISA. While the exact set of facts facing this court has not been considered by any other, analogous sets of facts have. The result reached by this court, however, is based more on the reading of the statute itself than on adherence to any one approach advocated by various other courts. The three different approaches are restated in *Rockney v. Blohorn,* 877 F.2d 637, 639–43 (8th Cir.1989).

On one side of the spectrum is a line of cases best represented by *Madonia v. Blue Cross & Blue Shield of Virginia,* 11 F.3d 444 (4th Cir.1993). Doctor Madonia, the sole shareholder of a Virginia corporation, obtained a group benefits plan form Blue Cross/Blue Shield for himself and his four employees. Doctor Madonia's wife was also named as a beneficiary. After Mrs. Madonia was diagnosed with breast cancer and received treatment which the insurer considered experimental and outside the scope of coverage, Blue Cross/Blue Shield refused to honor the claim. The Madonias brought essentially the same claims brought by Plaintiff in this case against Blue Cross/Blue Shield. Blue Cross/Blue Shield timely removed to federal court on the grounds of ERISA and the Madonias sought to have the case remanded. One of the arguments advanced by the Madonias was the Dr. Madonia, the sole shareholder of the corporation, was not a participant under the plan because he was an employer. Reviewing the definition of participant[4] and the pertinent Department of Labor Regulations,[5] the court of appeals expressly found Dr. Madonia to be an employee of his corporation, and therefore a participant. *Id.* at 448. In reaching its conclusion, the Fourth Circuit relied on the then recent Supreme Court decision in *Nationwide Mutual Insurance Co. v. Darden,* 503 U.S. 318, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992). This court respectfully notes that *Darden* may have been used out of context by the court of appeals in *Madonia.*

---

**4.** 29 U.S.C. § 1002(7) defines participant as:
 any employee or former employee of an employer ... who is or may become eligible to receive a benefit of any type from an employer

 ... or whose beneficiaries may be eligible to receive any such benefit.

**5.** *See* 29 C.F.R. §§ 2510.3–3(b) & 2510.3–3(c)(1).

**1296**

The issue before the Supreme Court in *Darden* was whether an insurance agent was an employee or an independent contractor of the insurance company. Finding that ERISA's definition of "employee" is "completely circular and explains nothing," *Darden*, 503 U.S. at 323, 112 S.Ct. at 1348, the Supreme Court instead adopted a common-law test for determining who is an "employee" for purposes of ERISA. The factors recited by the Court as dispositive of the question were 1) the skills required; 2) the source of the instruments and tools; 3) the location of the work; 4) the duration of the relationship between the parties; 5) whether the hiring party has the right to assign additional projects to the hired party, etc.. *Id.* The question faced by the court in *Madonia,* however, just like the question faced by this court, is whether or not an owner of a corporation is an employer versus an employee, not an employee versus an independent contractor. The Fourth Circuit, however, read *Darden* as requiring the application of common law principles to the interpretations of all definitions found in ERISA. The Fourth Circuit then found that since "Virginia courts have long recognized the basic proposition that a corporation is a legal entity separate and distinct from its shareholders," *Madonia,* 11 F.3d at 449, even a sole shareholder like Dr. Madonia was an employee.

While this court is in agreement with the basic proposition that a corporation is a separate legal entity, it nonetheless reads the statutory definition of "employer" [6] as permitting, in certain instances (such as the one in the case at hand), an owner/officer of a corporation to occupy that role along side the corporation itself. At the same time, this court recognizes that the position taken by the Fourth Circuit, that a sole shareholder of a corporation is its "employee" for purposes of ERISA, is a minority one. Although the Eighth Circuit seems to agree with the *Madonia* court's conclusion, *Robinson v. Lino-*

*maz,* 58 F.3d 365, 369 (8th Cir.1995) (holding that a sole shareholder of a corporation was an employee, and therefore a beneficiary, under ERISA), the First, Fifth, Sixth, Seventh and Tenth Circuits have all concluded to the contrary. *See Kwatcher v. Massachusetts Service Employees Pension Fund,* 879 F.2d 957, 960 (1st Cir.1989) ("When an individual dominates" the actions of a corporate entity—and who rules the corporate roost more singlehandedly than a sole shareholder doubling in brass as the firm's chief executive and principal operating officer?—it seems fair to acknowledge the actuality of the situation: such an individual assuredly acts "in the interest of" the corporation. He is thus subject to classification as an "employer."); *Meredith v. Time Ins. Co.,* 980 F.2d 352 (5th Cir.1993) (holding that under ERISA, owner of business cannot simultaneously be employer and employee); *Fugarino v. Hartford Life and Accident Insurance Co.,* 969 F.2d 178, 186 (6th Cir.1992) (en banc) (". . . a sole proprietor or sole shareholder of a business must be considered an employer and not an employee of the business for purposes of ERISA."); *Giardono v. Jones,* 867 F.2d 409, 411 (7th Cir.1989) (". . . employer cannot ordinarily be an employee or participant under ERISA"); *Peckham v. Bd. of Trustees of the Int'l Bd. of Painters and Allied Trades Union,* 653 F.2d 424 (10th Cir.1981) (finding that sole proprietors were precluded from maintaining a dual status as employer/employee under ERISA); *Brech v. Prudential Ins. Co. of America,* 845 F.Supp. 829, 833 (M.D.Ala.1993); *Kelly v. Blue Cross & Blue Shield,* 814 F.Supp. 220, 228–29 (D.R.I.1993) (holding that despite the fact that the sole proprietor worked for the corporation, as an employer, she cannot occupy employee status under ERISA); *contra McConocha v. Blue Cross and Blue Shield of Ohio,* 898 F.Supp. 545, 548 (N.D.Ohio 1995) (agreeing with *Madonia* that a "sole shareholder, insured under

---

6. 29 U.S.C. § 1002(5) defines "employer" to mean

any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer, in relation to an employee benefit plan; and includes a group or association of

employers acting for an employer in such capacity.

29 U.S.C. § 1002(9) defines "person" to mean an individual, partnership, joint venture, corporation, mutual company, joint-stock company, trust, estate, unincorporated organization, association, or employee organization.

a health policy purchased by his corporation, was a 'participant' in the company's ERISA plan").

*Madonia* argues that the holding in *Kwatcher* was repudiate by *Darden*, because the *Kwatcher* court specifically rejected the "common law principles" approach to the statutory definition of "employee." *Madonia*, 11 F.3d at 449. This court, however, does not agree with such a reading of *Kwatcher*. First, the issue in *Kwatcher* was unlike the issue in *Darden*. Second, the *Kwatcher* court simply recognized that "ERISA expands the concept of *'employer'* beyond common-law or corporate-law notions...." *Kwatcher*, 879 F.2d at 960. The *Kwatcher* court did not repudiate the traditional common-law notions of the corporation, as a distinct legal entity, being considered the employer. The *Kwatcher* court simply recognized the possibility that, under ERISA's definition of "employer," someone other than a traditional employer could fit the mold. This happens to be one such case. The court is thus hesitant to apply *Darden* to the situation at hand, regarding whether an individual is an employer/employee instead of whether an individual is an employee/independent contractor. Accordingly, this court respectfully refuses to follow *Madonia* and its progeny in holding that Plaintiff, who is a minority shareholder and an officer of the corporation, is an employee.

The second school of thought in this area is best represented by *Gambino v. Index Sales Corp.*, 673 F.Supp. 1450 (N.D.Ill.1987). *Gambino* was a case adjudicating the liability of a corporation's sole stockholder, director and president for delinquent contributions to an ERISA plan. However, since only an "employer" could be held liable, the first task for the court was to decide whether Donald Kennan, the individual in question, fit that definition. The *Gambino* court noted that there were many parallels between the Fair Labor Standards Act (FLSA) and ERISA.

For one, the definition of "employer" and "persons" was almost identical in both.[7] The court also found similar purposes for the statutes' respective enactments. *Id.* at 1454. Since the statutory definitions were so similar, reasoned the court, if an individual could be held liable as an "employer" for overtime pay under FLSA, so too should that same individual fit the definition of "employer" under ERISA. This court is not convinced that ERISA is simply an outgrowth of the FLSA. Without any acknowledgment on the part of Congress that the interpretation of ERISA was to be guided by the FLSA, it does not follow that interpretations of definitions found in the FLSA should be accorded deference in interpreting similarly defined terms found in ERISA. Second, even if prior interpretations were to be given due consideration, the factors employed by courts in determining who is an "employer" for purposes of FLSA are not at all helpful in determining who is an employer for purposes of ERISA. *See, e.g., Keenan v. Allan*, 889 F.Supp. 1320 (E.D.Wash.1995) (In determining whether an individual is an employer under the FLSA, courts look to see whether that individual possessed four non-exclusive powers, namely, powers to hire and fire employees, to supervise and control employee work schedules or conditions of employment, to determine rate and method of payment, and to maintain employment records). Finally, this court notes that the statutes differ dramatically in their tenor. While the FLSA makes payment of wages for overtime in certain instances mandatory and imposes strict liability on employers for failure to comply, ERISA nowhere mandates that an employee benefit plan be established, but simply provides a statutory framework of rights and obligations if a qualified plan is put in place.

As this court will shortly explain, the definition of "employer" contained in ERISA is clear enough to allow courts to determine who does or does not fit that mold. This

---

7. The FLSA, 29 U.S.C. § 203(d), defined an "employer" as

any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.

"Person" was defined in 29 U.S.C. § 203(a) to mean:

an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons.

court is in agreement with *Gambino* in one respect. *Gambino* refused to adopt the school of thought that an individual, who is also a shareholder/officer of a corporation, is an "employer" for purpose of ERISA only if the conduct engaged in by that individual is of such nature as to permit the piercing of the corporate veil. That is the approach adopted by a third line of cases, to which the court now turns.

The final line of cases is best represented by *Rockney v. Blohorn*, 877 F.2d 637 (8th Cir.1989). *Rockney* involved a suit by four retired executives for unpaid benefits against the shareholder/officers of a closely held corporation. Since only an "employer" could be held liable for unpaid plan contributions, for the defendants to incur liability, the court had to first find that the shareholders/officers of the corporation were employers. This the court declined to do. The analysis employed by the *Rockney* court was almost the exact inverse of the analysis employed in *Gambino*. Unlike *Gambino*, the *Rockney* court held that because of the differences in operation of the two · acts, the similarity of definitions FLSA and ERISA is not enough to conclude that Congress intended the same word to be similarly interpreted. *Rockney*, 877 F.2d at 642. The court went on to reflect that the "imposition of personal liability upon controlling persons of closely held corporations for contributions to pension plans would have far reaching consequences." *Id.* However, whereas *Gambino* rejected the imposition of liability on the basis of activities giving rise to the piercing of the corporate veil, *Rockney* held that "corporate officers cannot be held personally liable under ERISA where there is no basis for piercing the corporate veil." *Id.* at 643. With that this court cannot agree.

### (2) This Court's Plain Language Approach

■ While it is true that the question before this court is more general in nature, simply the definition of "employer," and the question before the court in *Rockney* involved the question of liability for contributions, ERISA does not vary the definition of employer from one section of the Act to the

next. Thus, if a definition is to be found, it must be applied consistently throughout, and courts cannot transform the definition at will to better suit the particular facts at hand. It would seem only natural that the question faced by this court could be pigeonholed into one of the above schools of interpretation. This court's reading of the statute, however, as well as the application of general principles of law, makes acquiescence with any one school of thought impossible. As the court has already noted, even though this question is not squarely before it today, where there is a single shareholder situation, the more convincing conclusion, one in line with the statute, cases and federal regulations, is that the shareholder/officer is an employer, not an employee. *See* 29 C.F.R. § 2510.3–3(c)(1). The question faced by this court, however, is somewhat different. Here, Plaintiff is not only one of several shareholders, he is a minority shareholder at that, owning anywhere between 14.4% and 25.2% of the corporation during the relevant times. Even so, this court is convinced that under the specific circumstances of the given case, the statutory definition of "employer" includes Plaintiff, not because he is part owner of the corporation, but because of his role in relation to the ERISA plan.

Even though the definition of "employer" has been previously set out, the court would like to focus the reader's attention on the part pertinent to the forthcoming discussion. The statute defines "employer" to mean

> any person acting directly as an employer, or *indirectly in the interest of the employer, in relation to an employee benefit plan;* and includes a group or association of employers acting for an employer in such capacity.

One thing this court wants to make clear from the outset is that it in no way seeks to abrogate the traditional, well established, notion of the corporation as a separate legal entity. J.T. Meter is an employer, both under corporate law and under ERISA, whether or not Plaintiff is deemed to be an employer. While Plaintiff would not traditionally be thought of as an employer, even though he clearly has the power to hire and fire workers, sign their paychecks, and de-

fine their job responsibilities, he is an "employer" strictly under ERISA because he acted indirectly in the interest of the traditional employer, J.T. Meter, in relation to the employee benefit plan. This is the crucial determination. In an affidavit attached to his Motion to Remand, Plaintiff affied as follows:

> I am responsible for establishing company policy regarding insurance plan eligibility for all employees. I control the company's decisions regarding which coverage to offer our employees, and I control the corporation's decision to pay the insurance coverage premiums. I establish the insurance plan for my employees and I am solely responsible for its determination.

Here, there is no question that Plaintiff was the driving force behind investigating, negotiating, obtaining, and maintaining the group benefit plan. While it is true that he did everything at the behest and on behalf of his employer, a corporation, ERISA's definition of employer nonetheless brings him within its fold. This conclusion retains the sanctity of the corporate form, yet gives effect to Congressional intent expressed in the anti-inurement section, which provides that the benefits of ERISA shall not inure to employers. Thus, unless an individual is a sole shareholder of the corporation, all lesser shareholders are employees of the corporation, unless a certain shareholder or officer has responsibilities for an ERISA plan akin to Plaintiff's. Where different individuals may have performed different tasks with regard to the ERISA plan, it may be appropriate for a court to hold that none of the individuals have acted indirectly in the interest of the employer in relation to an employee benefit plan. This is not such a case and this court is loath to speculate on facts not before it. In the case of a less than 100% shareholder/officer who claims that he or she is an "employer" under ERISA, this court believes it is crucial to make a factual determination into that person's role in relation to the employee benefit plan.

A persuasive argument can be made at this point that the court's interpretation of who is an "employer" under ERISA could be read to encompass just about every individual within the corporation: every person in the human resources department who takes enrollment applications, processes claims, distributes notices and signs up workers; every employee in the accounting department who pays premiums on behalf of enrolled employees, processes employee deductions, and maintains the records; the copy boy who is given the task of duplicating and delivering required notices; the secretary who types up a claim, etc.. The list can go on *ad infinitum*, limited only by one's imagination. This argument (that everybody, somehow, at least indirectly, acts in the interest of the employer with respect to the plan), however, misses a very important point. The crucial factor is not whether any one individual does an act, or even multiple acts, in relation to the plan. The crucial factor is whether the totality of the circumstances can lead the factfinder to conclude that the traditional "employee" in question had the kind of decision making powers with respect to the employee benefit plan as is expected to be exercised by a traditional "employer." In other words, in order to be acting indirectly in the interest of the employer, an individual employee must have almost the kind of decision making autonomy in relation to the plan as would a sole proprietor. That is why, when taken separately, no single act on the part of the Plaintiff would have catapulted him into the definition of "employer." Taken together, however, Plaintiff's actions reach that level of autonomous decision making to fall within ERISA's definition. For this very reason, it is almost impossible in any type of corporation, large or small, for anyone but the upper echelon of management, to even begin to perform the types of activities in relation to the plan to take them from the traditional notions of "employee" and turn them into an "employer" for purposes of ERISA. If the only thing that individual does is sign the premium check every month, that may not be enough. However, if that individual does at least as much as Plaintiff has in this case, then he or she would clearly fall under the definition of "employer."

■ In their Supplemental Response to Plaintiff's Motion to Remand, Defendants point out that, at the time JT Meter contracted with Lincoln National Life Insurance

Company to provide a group health plan to J.T. Meter employees, Plaintiff did not own a single share of stock in the company. Defendants argue, and Plaintiff readily concedes, that both at the time of the acquisition of the insurance policy, and immediately prior to the time Plaintiff filed his Motion to Remand, Plaintiff's father, James Taylor, had ultimate control of the corporation. The court reiterates, however, that control of a corporation, or a lack of control for that matter, except in the case of a sole shareholder, is not dispositive on the issue of whether an individual qualifies as an "employer" under ERISA. Had Plaintiff conducted himself in the exact same manner in relation to the employee benefit plan, but not owned a single share of stock, he still would have been acting indirectly in the interest of the employer. Relative salaries of individuals, or their respective shares of ownership, in a corporate setting, does not in the least help determine whether that individual acted "indirectly in the interest of the employer in relation to an employee benefit plan."

This court is also very aware that the application for group insurance lists JT Meter and Valve Repair, Inc. as the employer and Plaintiff, Mike Taylor, as an employee. Plaintiff's Depo. Ex. T–21. Furthermore, the Certificate of Insurance issued by Lincoln National Life Insurance Company also lists JT Meter and Valve Repair, Inc. as the employer and Michael Taylor as an employee. Conventionally speaking, it is absolutely correct that Michael Taylor is an employee of JT Meter. The definition of "employer" contained in ERISA, however, is anything but conventional. In other words, the traditional employer, such as a corporation, would be an "employer" under ERISA. But while Plaintiff would not normally be considered an "employer" under any conventional definition, he is an "employer" under ERISA because of his activities in relation to the employee benefit plan.

## C. IS PLAINTIFF A BENEFICIARY

■ Having anticipated this possible conclusion, Defendants argue that even if Plaintiff is found to be an "employer," he is nevertheless a beneficiary under the insurance plan and therefore subject to the purviews of ERISA. Defendants point the court to several cases which have so held. *See, e.g., Prudential Ins. Co. of Am. v. Doe,* 76 F.3d 206, 207 (8th Cir.1996) (controlling shareholder of law firm who was enrolled on group health policy was ERISA beneficiary); *Robinson v. Linomaz,* 58 F.3d 365 (8th Cir.1995) (couple who were president and vice-president and sole shareholders of corporation were beneficiaries of health insurance coverage for ERISA purposes); *Eichhorn, Eichhorn & Link v. Travelers Ins. Co.,* 896 F.Supp. 812 (N.D.Ind.1995) (a partner-employer may be a "beneficiary" if designated to receive benefits by an ERISA plan). The statutory definition of "beneficiary," [8] as well as Fifth Circuit case law, merits a different outcome.

In *Meredith v. Time Ins. Co.,* 980 F.2d 352, 356 (5th Cir.1993), the Fifth Circuit noted that an "[e]mployer and employee are plainly meant to be different animals ... the twain shall never meet." (citing *Kwatcher v. Massachusetts Employees Pension Fund,* 879 F.2d 957, 959 (1st Cir.1989)). Additionally, the anti-inurement provision of ERISA, 29 U.S.C. § 1103(c)(1), provides that "the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries ..." Finding that Plaintiff is an employer on the one hand, yet able to partake of the benefits of ERISA on the other, would clearly defeat the policy objectives expressed by Congress. In discussing the degree of deference to be given regulations adopted by the Department of Labor, the *Meredith* court noted:

---

8. ERISA defines "beneficiary" as "a person designated by a participant," or by the terms of an employee benefit plan, who is or may become entitled to benefits thereunder. 29 U.S.C. § 1002(8).

A "participant" is defined as "any employee or former employee of an employer, or any member

of an employee organization," who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit. 29 U.S.C. § 1002(7).

The Department of Labor has adopted an interpretation consistent with ERISA's primary objective: "Safeguarding the well-being and security of working men and women and to appraise them of their rights and obligations under any employee benefit plan." (quoting *Donovan*, 688 F.2d at 1372). When the employee and employer are one and the same, there is little need to regulate plan administration.... It is axiomatic that the employee-employer relationship is predicated on the relationship of two different people. *Meredith*, 980 F.2d at 357.

As concerns the cases holding that an employer can still be a beneficiary of ERISA, this court is in full agreement with Judge Werlein's exceptional analysis in *Harris v. TMG Life Ins. Co.*, 915 F.Supp. 869, 871–72 (S.D.Tex.1996):

> The Eighth and Ninth Circuits' interpretation [9] appears necessarily to conflict with the holdings of other circuits that an employer may not become a participant in an ERISA plan. Central to the reasoning of most of these cases is the conclusion that to permit a person to possess the dual status of employer and employee in order to avail himself of ERISA remedies runs afoul of the fundamental requirement of ERISA that "the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries an defraying reasonable expenses of administering the plan." 29 U.S.C. § 1103(c)(1) (other citations omitted)

After discussing the implications of *Meredith*, Judge Werlein concluded with the following thought:

> The bedrock principle, therefore, is the anti-inurement clause providing that the assets of a plan shall never inure to the benefit of an employer. It necessarily follows that the term "beneficiary," as used in § 1132(a)(1)(B), must be interpreted both consistently with the statute's other uses of the term, and not to include an employer. The statutory references to "beneficiary"

are in the context of beneficiaries of employees and beneficiaries of members of employee organizations, and are not in the context of an employer being able to name himself as a beneficiary of an ERISA plan. Accordingly, based upon the better reasoned cases and likely approach of the Fifth Circuit, Plaintiff is not a beneficiary for purposes of ERISA. *Id.* at 872–73.

This court is in special agreement with the last sentence. Although Defendants did not raise this point, the exact same analysis would apply to a claim that Plaintiff was a "participant." Since Plaintiff was found to be an employer, he likewise would not qualify as a participant under ERISA.

## CONCLUSION

Because Plaintiff is not a beneficiary or a participant and does not have standing to bring suit under ERISA, 29 U.S.C. § 1132(a)(1), the court holds that Plaintiff's state law claims are not preempted by ERISA. Defendants have thus failed to carry their burden in establishing federal question jurisdiction after removal of the case to this court. Plaintiff's Motion to Remand must therefore be granted. Thus,

It is ORDERED that Plaintiff's Motion to Remand is GRANTED. All other pending motion are DENIED as MOOT.

9. Judge Werlein is referring to *Robinson v. Linomaz*, 58 F.3d 365, 369–70 (8th Cir.1995); *Peterson v. American Life & Health Ins. Co.*, 48 F.3d 404, 408–09 (9th Cir.1995) and *Harper v. American Chambers Life Ins. Co.*, 898 F.2d 1432, 1434–34 (9th Cir.1990).