**Jancye H. TIERNEY, Appellant,**

v.

**UNUM LIFE INSURANCE COMPANY OF AMERICA and UNUM Provident Corporation, Appellees.**

**No. 08–02–00269–CV.**

Court of Appeals of Texas, El Paso.

Jan. 30, 2003.

Rehearing Overruled March 5, 2003.

---

John M. Weaver, Maloney, Bean & Horn, P.C., Irving, for appellant.

Doug K. Butler, Figari Davenport & Graves, L.L.P., Dallas, for appellees.

Before Panel No. 4 BARAJAS, C.J., LARSEN, and McCLURE, JJ.

## OPINION

SUSAN LARSEN, Justice.

This case involves ERISA[1] preemption of common law claims against a long-term disability insurer. Finding that the trial court erred in ruling that no fact question exists on whether ERISA preempted Tierney's state law claims, we reverse and remand for further proceedings.

### Facts

Tierney brought suit against UNUM Life Insurance Company of America and UNUM Provident Corporation ("UNUM") for termination of her disability benefits under a long-term disability plan ("the Plan") purchased by Special Insurance Services, Inc. ("SIS"). Tierney was an SIS corporate officer and held an ownership interest in the corporation.

In August 1998, Tierney notified UNUM that she was making a claim for long-term benefits after being diagnosed with a digestive disorder, antral duodenal dysmotility. UNUM accepted the claim and began paying plan benefits to Tierney. Fourteen months later, UNUM terminated payments to Tierney. UNUM's reasons for denying Tierney further benefits was its conclusion that her symptoms did not indicate a level of impairment sufficient to preclude her from working and that her disability was based on self-reported symptoms that limited her policy coverage to twelve months. Tierney unsuccessfully challenged UNUM's decision via its administrative process.

Tierney then filed suit against UNUM and the agent who sold SIS the policy, alleging causes of action under the Texas Insurance Code, the Texas Deceptive Trade Practices Act, for breach of contract, and for negligence ("the state law claims"). UNUM sought removal to federal court urging that ERISA completely preempted Tierney's state law claims.

The U.S. District Court remanded the case. In a comprehensive memorandum order, Judge Joe Fish held that UNUM's disability policy was not an employee benefit plan within the meaning of ERISA and that UNUM had thus failed to sustain its burden of proving complete preemption of Tierney's state law claims. Following remand, discovery proceeded in state court. In May 2001, UNUM again attempted to remove the case to federal court and reasserted its ground for removal as complete ERISA preemption of Tierney's state law claims. Tierney filed a motion for remand, which again was granted by Judge Fish.

---

1. Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461 (1999 & Supp.2002).

Judge Fish rejected UNUM's second attempt at removal based on its contention that discovery had revealed new information to support UNUM's ERISA preemption argument.

Following the second remand, UNUM filed a motion for summary judgment in October 2001 making two-tiered argument for entry of judgment in its favor. First, UNUM urged that Tierney's state law claims were completely preempted by ERISA. Second, it claimed that UNUM's decision to deny Tierney's benefit was not an abuse of discretion under ERISA. The trial court agreed that ERISA preemption applied, but denied UNUM judgment on its abuse of discretion ground.

UNUM (having apparently remarshalled its evidence) filed a second motion for summary judgment on the abuse of discretion issue. In the motion it asserted that no abuse was demonstrated because Tierney was not disabled within the meaning of the Plan's provisions, and because Tierney's symptoms were self-reported and therefore subject to the Plan's twelve-month limitation on benefits.

Tierney responded by arguing that the finding of abuse of discretion was a question for the jury. Tierney also filed a cross-motion for summary judgment requesting the trial court find that UNUM had abused its discretion by denying her benefits such that judgment in her favor was appropriate. The trial court granted UNUM's motion for summary judgment and denied Tierney's. This appeal follows.

## Standard of Review

We review the trial court's determination that ERISA preempted Tierney's state law claims pursuant to the traditional summary judgment standard of review. We must thus determine whether the movant has sustained its burden to show that it is entitled to judgment as a matter of law or whether material fact issues preclude summary judgment. We view all evidence favorable to the non-movant as true. Tex.R. Civ. P. 166a; *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985). We are further required to indulge all reasonable inferences in favor of the non-movant, resolving all doubts in her favor. *Id.*

## ERISA Preemption

In her first, second, and third issues on appeal, Tierney urges that the trial court erred in finding that UNUM established as a matter of law that the plan in question was an employee welfare benefit plan under ERISA, that UNUM was estopped from arguing preemption based on the federal district court's holding that there was no ERISA plan,[2] and that UNUM did not establish as a matter of law that Tierney's state law claims were preempted. We sustain Tierney's first and third issues for the following reasons.

In examining a particular arrangement to determine whether it qualifies as an employee welfare benefit plan under ERISA, we inquire whether: (1) the plan exists within the meaning of ERISA; (2) the plan falls outside the safe-harbor exception established by the Department of

2. Tierney argues that the federal district court's denial of UNUM's preemption claim was binding on the state trial court under the doctrine of law of the case. She has carried that argument forward in this appeal. The law is to the contrary, however, and thus Tierney's second issue on appeal is without merit. *Soley v. First National Bank of Commerce,* 923 F.2d 406, 410 (5th Cir.1991); *Sanchez v. Johnson & Johnson Medical Inc.,* 860 S.W.2d 503, 512 n. 3 (Tex.App.-El Paso 1993), *rev'd in part on other grounds,* 924 S.W.2d 925 (Tex.1996).

Labor; and (3) the plan was established or maintained by the employer for the benefit of its employees. *Meredith v. Time Ins. Co.,* 980 F.2d 352, 355 (5th Cir.1993). · If the record demonstrates these three elements, ERISA preempts all Tierney's state law claims. UNUM's first motion for summary judgment asserted all three grounds for finding ERISA preemption. The trial court ruled in UNUM's favor as to each element. Viewing the record through the prism of summary judgment review, however, we find fact questions exist as to the first prong of the test, and do not reach the remaining two.

■ ERISA defines an "employee welfare benefit plan" as:

[A]ny plan, fund, or program ... established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise ... medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment....

29 U.S.C. § 1002(1) (1999). The Plan presented in this case involves disability insurance. To determine whether it constitutes an employee welfare benefit plan under ERISA, we examine: (1) whether an employer established or maintained the plan and (2) whether the employer intended to provide certain benefits to its employees. *MDPhysicians & Associates, Inc. v. State Board of Insurance,* 957 F.2d 178, 183 (5th Cir.), *cert. denied,* 506 U.S. 861, 113 S.Ct. 179, 121 L.Ed.2d 125 (1992); *Hansen v. Continental Ins. Co.,* 940 F.2d 971, 978 (5th Cir.1991). Whether a particular set of insurance arrangements constitutes an employee welfare benefit plan is a question of fact. *McNeil v.* *Time Ins. Co.,* 205 F.3d 179, 189 (5th Cir.2000); *Zavora v. Paul Revere Life Ins. Co.,* 145 F.3d 1118, 1120 (9th Cir. 1998); *Grainger v. Western Casualty Life Ins. Co.,* 930 S.W.2d 609, 615 (Tex.App.-Houston [1st Dist.] 1996, writ denied).

■ The burden of establishing the existence of an ERISA plan was on UNUM. *Zavora,* 145 F.3d at 1120. Moreover, UNUM must overcome a presumption against preemption. *Great Dane Trailers v. Estate of Wells,* 52 S.W.3d 737, 743 (Tex.2001).

■ In both the trial court and this Court, Tierney argued that SIS's disability insurance consisted of two separate plans—one for employees and one for owners—and therefore her coverage under the owner plan did not fall under ERISA. The Fifth Circuit has held that a plan in which the only participants are non-employees, such as owners or partners, does not constitute an ERISA benefit plan. *McNeil,* 205 F.3d at 190; *Meredith,* 980 F.2d at 357–58; *see Parker v. Parker,* 897 S.W.2d 918, 925 (Tex.App.-Fort Worth 1995, writ denied). In contrast, where a plan covers both employees and owners the plan is subject to ERISA and its complete preemption doctrine. *Vega v. National Life Ins. Servs., Inc.,* 188 F.3d 287, 294 (5th Cir.1999); *see Taylor v. Carter,* 948 F.Supp. 1290, 1298 (W.D.Tex.1996) (minority shareholder's role in administering plan constitutes "employer" status under ERISA). We must thus determine whether a fact question exists as to whether UNUM's policy created two truly independent plans.

The summary judgment evidence in this case indicates a single policy was issued by UNUM to SIS to provide long-term disability insurance coverage to SIS's employees and owners. The policy has a single effective date, single plan number, and sin-

gle plan administrator. Nevertheless, having carefully examined the policy and the law, we must conclude that there is a genuine issue of material fact as to whether UNUM's disability plan constitutes a single plan or two distinct plans, one for employees and one for owners. We reach this conclusion for the following reasons.

Plaintiff Tierney testified that the agent who sold the UNUM policy told her the policy provided different coverages for owners and employees. The Plan clearly contemplates two classes of insured persons, "owners" and "employees." It requires owners to pay for their own coverage, while the company pays all premiums for employees. There are numerous differences in the coverage afforded the two classes: the beginning date for coverage is defined differently; disability is defined differently; benefits are determined differently. "Monthly earnings" are determined differently for owners and employees. The amount UNUM pays if the insured is working differs between the two classes; there are distinctions between how maximum capacity is determined. The effect of disability earnings on benefits is different as well. Payments to the two classes under the "disability plus" rider differ.

The policy provides UNUM is entitled to cancel coverage if less than 75 percent of owners or less than 100 percent of employees participate in the Plan. This distinction is significant, as coverage could be cancelled at UNUM's option if even one employee refused to participate, but would continue without the participation of a quarter of the owner class. Further, the policy language itself invites the conclusion that it contains multiple plans. It refers to initial premiums for "each plan." In defining terms, the policy states that "plan means a line of coverage under the policy." It refers to "limitations, exclusions and requirements that apply within a plan,"

and provides that UNUM may cancel or modify a plan if eligibility requirements are not met. The policy heads one section "Who can cancel this policy or a plan under this policy?".

Applying the presumptions favoring Tierney as non-movant in the summary judgment context, and bearing in mind the presumption against preemption as well as UNUM's ultimate burden to establish that an ERISA benefit preempts Tierney's state law claims, we conclude that fact questions are presented as to whether UNUM wrote a policy containing two independent plans. If there are two plans, the one covering Tierney applied to owners only and is not subject to ERISA preemption. We therefore sustain Tierney's Issues One and Three. We need not reach the remainder of her issues on appeal.

### Conclusion

We reverse the trial court's grant of summary judgment and remand for further proceedings consistent with this opinion.