COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 


 
 
  
 JUD WALTON,
  
                             Appellant,
  
 v.
  
 MOBIL OIL CORPORATION,
  
                             Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-02-00485-CV
  
 Appeal from the
  
 238th District Court
  
 of Midland County, Texas 
  
 (TC# CV43861) 
  
 
 


 

MEMORANDUM OPINION

 

Jud Walton appeals the trial court=s summary judgment in favor of Mobil
Oil Corporation, based upon its motion that combined no evidence grounds and
its affirmative defense of limitations. 
Walton claims that Mobil=s motion impermissibly confused the two types of summary
judgment, such that he could not respond to the motion.  Finding the motion was adequate, and that
Walton=s response did not raise genuine
issues of material fact, we affirm.








Facts

Jud Walton owns a ranch located in
Midland and Glasscock Counties, Texas. 
In the 1960=s, various oil and gas producing companies operated on his
land.  Mobil=s uncontroverted evidence establishes
that no Mobil employee has been on Walton=s land since 1992.  In September 1987, Walton expressed concerns
about his groundwater to the Texas Railroad Commission.  He complained that a blow-down pit[1]
left on his land by the oil and gas producers was causing contamination.  In April 1988, he again expressed to the
Commission his concern that the pit had contaminated the aquifer below his
ranch.  He asked for further
testing.  In August 1988, an
environmental consultant Walton had hired wrote him that it was possible some
of the contents of the pit had reached the water table.  In January 1989, May 1993, and September
1993, Walton again had contact with the Railroad Commission about his
groundwater contamination.  Walton has
testified,  A[t]he first notice I had that my
groundwater had been contaminated was on November 18, 1994 when the [Railroad
Commission] advised me that the City was the source of contamination of my
groundwater.@








Walton filed suit against Mobil Oil
Corporation on May 18, 1998.  After the
trial court granted summary judgment for all defendants, including Mobil,
Walton appealed to this Court.  We issued
an opinion in April 2000 finding (among other things) that Mobil had
conclusively established its right to judgment on its limitations defense for
any permanent damage to Walton=s land, as by his own admission he had notice of his claim in
1994.  We remanded the case against
Mobil,  however, on the issues of
temporary damages, injunctive relief, and continuing tort.  Mobil filed another motion for summary
judgment following remand.

Walton, in the trial court and again
here, claims that Mobil=s motion cannot support summary judgment because it did not
clearly delineate and separate Ano evidence@ claims from those for traditional summary judgment.  He filed special exceptions to the motion; he
filed a response to the summary judgment mirroring his special exceptions.  Mobil filed a reply to Walton=s response on the day of the summary
judgment hearing.  The trial court
overruled Walton=s special exceptions and granted Mobil=s summary judgment on all causes of
action.  It set out that judgment for
Mobil on the claims for permanent injunction, fraudulent concealment, nuisance,
negligence and trespass was entered under the no evidence standard; for all
other claims, it was entered because those actions were barred by
limitations.  This appeal follows.

Standards
of review








In a single issue, Jud Walton urges
that the trial court erred in granting summary judgment, that it erred in
overruling Walton=s special exceptions, and that he had a right to rely on
Mobil=s 
representations in its pleadings. 
In reviewing a trial court=s ruling on special exceptions, we
apply an abuse of discretion standard.  Burgess
v. El Paso Cancer Treatment Ctr., 881 S.W.2d 552, 554-55 (Tex. App.--El
Paso 1994, writ denied).  We will reverse
only if the trial court acted without reference to any guiding rules or
principles, or acted in an arbitrary or unreasonable manner.  Id.

In reviewing the trial court=s grant of summary judgment under Tex. R. Civ. P. 166a(i), we consider
all evidence in the light most favorable to the party against whom judgment was
rendered, disregarding all contrary evidence and inferences.  Ching v. Methodist Children=s Hospital, 2003 WL 943740, at *4 (Tex.
App.--Amarillo March 10, 2003, pet. denied). 
A no evidence summary judgment is improperly granted if the non-movant
presents more than a scintilla of evidence to raise a genuine issue of material
fact.  Id.

In reviewing the trial court=s grant of a traditional summary
judgment, such as one based upon the affirmative defense of limitations, we
review the evidence de novo, to determine whether movant sustained its
burden to show it is entitled to judgment as a matter of law or whether a
material fact issue precludes summary judgment. 
Tierney v. UNUM Life Insur. Co. of America, 97 S.W.3d 842, 845
(Tex. App.--El Paso 2003, pet. denied). 
We view all evidence favorable to the non-movant as true, and indulge
all reasonable inferences in favor of non-movant.  Id.

Summary judgment was properly granted








Walton claims on this appeal that the
trial court erred in granting Mobil=s summary judgment because Mobil=s motion was Aso contorted and confusing that
Appellant was at a loss to know how to respond,@ and his only viable action was to
file special exceptions to have Mobil=s grounds clarified for
response.  He did not refute Mobil=s summary judgment on the merits,
only on its alleged procedural inadequacies.

We therefore first decide whether
Mobil=s motion for summary judgment meets
the requirements for a no evidence summary judgment under Tex. R. Civ. P. 166a(i), the
requirements for a traditional summary judgment under Tex. R. Civ. P. 166(a), both, or neither.  We conclude that, while admittedly not a
model construct, it is perfectly clear what grounds the motions relies
upon.  Walton=s arguments to the contrary are not
persuasive.








It is true, as Walton points out,
that Mobil=s motion recites only the standard
for determining 166a(i) Ano evidence@ motions.  This,
although summary judgment on the grounds of limitations, as an affirmative
defense, can only succeed under a traditional summary judgment motion.  KPMG Peat Marwick v. Harrison County Hous.
Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999) (a defendant moving for summary
judgment on the affirmative defense of limitations has the burden to establish
that defense conclusively).  As the
motion was urging judgment on both no evidence and traditional standards, it
should have at least mentioned the traditional standard of review, as it is
quite different from that governing 166a(i) challenges.  See Hon.
David Hittner & Lynne Liberato, Summary Judgments in Texas, 34 Hous. L.
Rev. 1303, 1356 (1998).  Moreover,
we strongly recommend that parties clearly separate their 166a(i) claims from
traditional grounds for summary judgment, either in separate motions or as
distinct sections of an omnibus motion. 
We feel obliged to repeat the caution voiced by our sister court:

[T]he
better practice is either to file two separate motions, one containing the no
evidence summary judgment and one containing the ordinary summary judgment, or
to file one document containing both motions but with the arguments and
authorities for each clearly delineated and separate from one another.  When it is not readily apparent to the trial
court that summary judgment is sought under rule 166a(i), the court should
presume that it is filed under the traditional summary judgment rule and
analyze it according to those well-recognized standards.  Michael v. Dyke, 41 S.W.3d 746, 750-51
(Tex. App.--Corpus Christi 2001, no pet.) (citations omitted).

 

Mobil=s motion does not follow these guidelines, and thus is
potentially vulnerable to Walton=s complaint.  Nevertheless, we cannot say upon reading
Mobil=s motion that there was any real
danger here of confusing its various grounds. 
The motion clearly outlines its claims:

1.  Temporary damages claims are barred by
limitations.

 

2.  Continuing tort claims are barred by
limitations.

 

3.  Permanent injunction claims fail as there is
no evidence of imminent harm.

 

4.  Fraudulent concealment claims fail as there
is no evidence of concealment.

 

5.  Negligence claims fail as there is no
evidence of proximate cause. 
Additionally, negligence claims are barred by limitations.  Separate subparagraphs deal with the no
evidence and limitations arguments. 

 

6.   Nuisance and trespass claims fail as there
is no evidence of damage within the limitations period.

 








Rather than organizing its claims by
the nature of judgment sought, Mobil has sorted them by causes of action.  Whether an allegation is challenged for no
evidence, limitations, or both, is nevertheless amply clear.  We do not find the motion contorted or confusing,
as Walton claims, nor do we find it the jumble apparently confronted by the
court in Michael.  We cannot say
that the trial court erred in overruling Walton=s special exceptions.  That subpart of his issue on appeal is
overruled.

We therefore next turn to whether the
summary judgment was correctly entered. 
Walton did not file any substantive response to Mobil=s motion, and therefore did not meet
his burden to raise a fact issue on every challenged element under
166a(i).  We have found that Mobil=s motion adequately set out the
element in each claim it was challenging for no evidence; without any
substantive response from Walton, the trial court did not err in granting
summary judgment for Mobil on claims of permanent injunction (for lack of
evidence of imminent harm), fraudulent concealment (for lack of evidence on
concealment), and negligence (for lack of evidence on causation).  Tex.
R. Civ. P. 166a(i).








Next, the motion includes the
affidavit of Mobil employee Charles T. Howell, establishing that Mobil had not
conducted any activity on the Walton Ranch after, at the latest, 1992.  Nothing refutes this, and we have held that
Mobil=s motion adequately set out its claim
on the affirmative defense of limitations. 
As Walton did not file suit against Mobil until 1998, well after the
two-year statute of limitations had run,[2]
we conclude that summary judgment on limitation grounds was correctly entered
as to temporary damages, continuing torts, negligence and nuisance and
trespass.

Finally, we note that Mobil=s claim on nuisance and trespass
states that A[t]here is no evidence that Mobil has
performed any act of nuisance or trespass within a period not barred by the
statute of limitations.@  This claim is so
blended we cannot ascertain whether it is intended as a 166a(i) or limitations
claim.  As the Michael court did,
then, we will assay it under well-established traditional summary judgment
standards.  Michael, 41 S.W.3d at
751.  Again, there is nothing to refute
Mobil=s evidence that it ceased any kind of
activity on the Walton Ranch after 1992. 
We find summary judgment was proper on nuisance and trespassing claims
on the limitations ground.

Reliance on Mobil=s pleadings

In a separate sub-issue, Walton
claims that he was entitled to rely upon representations made in Mobil=s pleadings.  This statement is true, but we do not
perceive its impact on the issues before us, nor does Walton=s brief help us to do so.  As we cannot discern a reason for reversing
summary judgment based upon this argument, it is overruled.

Conclusion

For these reasons, Walton=s single issue on appeal, including
all subparts, is overruled.  The trial
court correctly entered summary judgment, and it is affirmed.

SUSAN
LARSEN, Justice

March 11, 2004

 

Before Panel No. 3

Barajas, C.J., Larsen, and
Chew, JJ.











[1]Blowdown
is the emptying or depressurizing of material into a vessel.  Dictionary
for the Petroleum Industry, 3rd Revised Edition (2001).





[2]Even
using Walton=s own
testimony that he had notice of his claims against Mobil only in 1994, he still
did not file his suit before limitations had expired.