**R & H OIL & GAS COMPANY, Farrar Oilfield Service and Equipment Company, and Tri–State Oil Services, Inc., Defendants,**

**Tri–State Oil Services, Inc., Defendant–Appellee.**

No. 94–60444.

United States Court of Appeals, Fifth Circuit.

Nov. 16, 1995.

Richard M. Martin, Jr., Cummings, Cummings, & Dudenhefer, New Orleans, LA, for Appellants.

Michael B. Wallace, Walker W. Jones, III, Joseph A. Ziemianski, Todd C. Richter, Chuck D. Barlow, Phelps Dunbar, Jackson, MS, for appellee.

*ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC*

Before JOLLY, SMITH and DeMOSS, Circuit Judges.

PER CURIAM:

The petition for rehearing is DENIED, and no member of the panel or judge in regular active service having requested that the court be polled on rehearing en banc (*see* FED.R.APP.P. 35 and 5TH CIR.R. 35), the suggestion for rehearing en banc is DENIED. Although the panel members have some disagreement regarding the interpretation of Mississippi law, the panel is of the unanimous view that the opinion in this case specifically reflects a result under the Mississippi law of punitive damages and is not to be construed as a comment on any similar case that might arise under the law of any other state.

■

**McCALLUM HIGHLANDS, LTD., Plaintiff-Appellant,**

v.

**WASHINGTON CAPITAL DUS, INC., Defendant–Appellee.**

No. 94–10691.

United States Court of Appeals, Fifth Circuit.

Nov. 17, 1995.

D. Ronald Reneker, Bush, Craddock & Reneker, Dallas, TX, for Appellant.

William H. Church, William D. Sims, Jr., Z. Melissa Lawrence, Vinson & Elkins, Dallas, TX, for Appellee.

*ON PETITION FOR REHEARING*

Before HIGGINBOTHAM, SMITH and STEWART, Circuit Judges.

BY THE COURT:

IT IS ORDERED that the Petition for Rehearing is DENIED. We revise the last paragraph of the opinion to read as follows:

Based on the current record, McCallum apparently did not receive consideration for agreeing to the modification of the original loan commitment and a material fact issue exists regarding whether the modification was "fair and equitable." Thus, the entry of summary judgment in

favor of Washington was error by the trial court.