Richard B. HARRIS, Plaintiff,

v.

TMG LIFE INSURANCE COMPANY a/k/a The Mutual Group or TMG Life, and George W. Evans & Associates, Inc., Defendants.

Civil Action No. H–95–3380.

United States District Court, S.D. Texas, Houston Division.

Jan. 19, 1996.

Richard E. Griffin, Jackson & Walker, Houston, TX, for plaintiff.

Richard A. Illmer, Brown, McCarroll & Oaks Hartline, Dallas, TX, for defendants.

*MEMORANDUM AND ORDER*

WERLEIN, District Judge.

Pending is Plaintiff's Motion to Remand and Motion for Costs and/or Motion for Sanctions (Document No. 4), and Plaintiff's Motion for Evidentiary Hearing (Document No. 13). After having carefully considered the motions, responses, reply, and surreply, the Court concludes as follows:

Plaintiff Richard B. Harris is a self-employed licensed dentist who practices in Harris County, Texas. On May 18, 1993, while visiting South Africa, Plaintiff suffered an accidental gunshot wound to the head. Plaintiff subsequently made claims for reimbursement of medical expenses resulting from the accident to Defendant TMG Insurance Company ("TMG") pursuant to an insurance policy (Policy No. 96031) issued by TMG ("the Policy"). The Policy had been acquired by Dr. Harris the previous year, and was issued as a "group policy," evidently for Dr. Harris and his two dental office employees. Plaintiff alleges that TMG failed or refused to provide him with benefits due under the Policy, and, for this reason, Plaintiff brought suit against TMG and its agent, Defendant George W. Evans & Associates, on May 19, 1995, in the 129th Judicial District Court of Harris County, Texas, asserting causes of action under the Texas Insurance Code, Tex.Ins.Code Ann. art. 21.21 (Vernon 1981 & Supp.1995), and the Texas Deceptive Trade Practices–Consumer Protection Act, Tex.Bus. & Com.Code Ann. § 17.46, *et seq.* (Vernon 1987 & Supp.1995).

■ On June 23, 1995, Defendants removed Plaintiff's state lawsuit to this Court.[1] Defendants assert that Plaintiff's claim for benefits under the Policy is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), and that ERISA preempts Plaintiff's state law causes of action.[2] Plaintiff has moved to remand the case to state court, asserting that no ERISA-governed plan existed, and, even if such a plan did exist, Plaintiff lacks standing to sue under ERISA. Defendants bear the burden of establishing original federal jurisdiction. *Kidd v. Southwest Airlines, Co.,* 891 F.2d 540, 543 (5th Cir.1990), *citing Pullman Co. v. Jenkins,* 305 U.S. 534, 540, 59 S.Ct. 347, 350, 83 L.Ed. 334 (1939).

ERISA provides that federal district courts have jurisdiction over "civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary." 29 U.S.C. § 1132(e)(1). The parties agree that if Plaintiff has an ERISA claim, it is as a participant or beneficiary pursuant to 29 U.S.C. § 1132(a)(1)(B), which provides:

> A civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

Accordingly, assuming that Plaintiff maintained an ERISA-covered benefit plan for his employees, if Plaintiff does not qualify as a participant or beneficiary under such plan, the Court lacks jurisdiction over this action. *See Coleman v. Champion Int'l Corp./Champion Forest Products,* 992 F.2d 530, 532–34 (5th Cir.1993). If Plaintiff lacks standing to assert his claims under ERISA, he is free to pursue state law remedies. *See Weaver v. Employers Underwriters, Inc.,* 13 F.3d 172, 177 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 2137, 128 L.Ed.2d 866 (1994).

ERISA defines a "participant" as

> any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

---

1. Title 28, U.S.C. § 1441(a) provides: "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

2. ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).

29 U.S.C. § 1002(7). The term "employee" is defined as "any individual employed by an employer." 29 U.S.C. § 1002(6). It is undisputed that Plaintiff was an employer and a sole proprietor during the period of time at issue in this suit.[3] Defendants assert that Plaintiff was also his own employee, and thus a participant, for purposes of ERISA.

▮ Defendants have not cited and the Court is not aware of any case law holding that a sole proprietor of a business can also be his own employee, and thus a participant, for purposes of ERISA. A number of cases hold to the contrary. *See Fugarino v. Hartford Life and Accident Ins. Co.*, 969 F.2d 178, 186 (6th Cir.1992), *cert. denied*, 507 U.S. 966, 113 S.Ct. 1401, 122 L.Ed.2d 774 (1993);[4] *Giardono v. Jones*, 867 F.2d 409, 411–13 (7th Cir.1989); *Peckham v. Bd. of Trustees of the Int'l Brotherhood of Painters and Allied Trades Union*, 653 F.2d 424, 427–28 (10th Cir.1981); *Brech v. Prudential Ins. Co. of America*, 845 F.Supp. 829, 833–35 (M.D.Ala. 1993). *See also Kwatcher v. Massachusetts Service Employees Pension Fund*, 879 F.2d 957, 959–63 (1st Cir.1989) (same for sole shareholder of corporation); *Harper v. American Chambers Life Ins. Co.*, 898 F.2d 1432, 1434 (9th Cir.1990) (same for partners in partnership). This result is consistent with the holding of the Fifth Circuit in *Meredith v. Time Ins. Co.*, 980 F.2d 352, 356 (5th Cir.1993), which, in the context of determining the existence of an ERISA plan, noted that such a plan "must be established or maintained by an employer for the benefit of employees," *id.* at 358, and that "[e]mployer and employee are plainly meant to be different animals … the twain shall never meet." *Id.* at 356, *quoting Kwatcher*, 879 F.2d at 959. While the Fourth Circuit has held that a sole shareholder of a corporation who is also an employee of that corporation can be a participant for purposes of ERISA, *see Madonia v. Blue Cross & Blue Shield of Va.*, 11 F.3d 444, 448–50 (4th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1401, 128 L.Ed.2d 74 (1994), the Court acknowledged that this situation is distinguishable from that of "sole proprietors of unincorporated businesses which, by definition, have no separate legal identity." *Id.* at 449 n. 2. *See also Meredith*, 980 F.2d at 358 ("It would appear axiomatic that the employee-employer relationship is predicated on the relationship between two different people."). Accordingly, Plaintiff is not a participant for purposes of ERISA.

▮ ERISA defines a "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). While Plaintiff is not a participant or a beneficiary designated by a participant, Defendants argue that because Plaintiff is entitled to receive benefits under the Policy (when Policy terms are triggered), Plaintiff is a beneficiary designated by the terms of the claimed ERISA plan. Two circuit courts have adopted this reasoning, holding that an employer covered under an insurance policy which is part of an ERISA plan is "a person designated by the terms of an employee benefit plan." *See Robinson v. Linomaz*, 58 F.3d 365, 369–70 (8th Cir.1995); *Peterson v. American Life & Health Ins. Co.*, 48 F.3d 404, 408–09 (9th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 377, 133 L.Ed.2d 301 (1995); *Harper v. American Chambers Life Ins. Co.*, 898 F.2d 1432, 1434–34 (9th Cir.1990).

The Eighth and Ninth Circuits' interpretation appears necessarily to conflict with the

---

**3.** ERISA defines an "employer" as "any person acting directly as an employer, or indirectly in the interests of an employer, in relation to an employee benefit plan…." 29 U.S.C. § 1002(5).

**4.** TMG asserts that Plaintiff "continues to mislead the Court" by suggesting that *Fugarino* is applicable when the business owner is not the *sole* beneficiary of the claimed plan, but rather has other employee/beneficiaries. This argument is without merit. *Fugarino* involved this very situation. *See* 969 F.2d at 181 ("Plaintiff Rich-ard Fugarino purchased the policy to provide health and medical coverage for himself, his dependents, and for a few of his employees and their dependents."); *id.* at 186 ("[N]either Richard Fugarino nor his spouse, Jo Marie Fugarino, can qualify as participants in an ERISA plan since Richard Fugarino is the sole proprietor of The Glens Restaurant…. However, ERISA regulation applies to the employees of The Glens Restaurant who participate in the group health insurance coverage.").

holdings of other circuits that an employer may not become a participant in an ERISA plan. Central to the reasoning of most of these cases is the conclusion that to permit a person to possess the dual status of employer and employee in order to avail himself of ERISA remedies runs afoul of the fundamental requirement of ERISA that "the assets of a plan shall *never* inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and *their* beneficiaries and defraying reasonable expenses of administering the plan." 29 U.S.C. § 1103(c)(1) (emphasis added). *See Fugarino,* 969 F.2d at 186; *Kwatcher,* 879 F.2d at 960; *Giardono,* 867 F.2d at 411–12; *Peckham,* 653 F.2d at 427; *Brech,* 845 F.Supp. at 832–34.[5] The interpretation stated by the Eighth and Ninth Circuits has not been entirely persuasive. *See Madden v. Country Life Ins. Co.,* 835 F.Supp. 1081, 1086 (N.D.Ill.1993) ("There is no reason that allowing a business owner, in negotiating the terms of the plan, to designate himself as a beneficiary would not also violate the prohibition found in *Giardono.*"); *Kelly v. Blue Cross & Blue Shield of R.I.,* 814 F.Supp. 220, 229 n. 14 (D.R.I.1993) (Under *Harper,* "an employer would always have standing as a beneficiary if he named himself as the person entitled to benefits on the insurance or pension plan. This Court concludes that such an interpretation of 'beneficiary,' which would undermine ERISA's purpose of insuring that benefits not inure to employers, was impliedly rejected by the First Circuit in *Kwatcher.*") (citation omitted).[6] *But see Eichhorn, Eichhorn & Link v. Travelers Ins. Co.,* 896 F.Supp. 812, 814 (N.D.Ind.1995) (following the Eighth and Ninth Circuit decisions).[7]

The Fifth Circuit has not written on this subject, but it would appear unlikely that it would depart from the weight of authority that has never recognized that employers may be participants *or* beneficiaries of an ERISA plan. In a slightly different context, the Fifth Circuit cited approvingly to the First Circuit's declaration in *Kwatcher* that ERISA prohibits dual employer-employee status, *Meredith,* 980 F.2d at 356, a holding based largely upon ERISA's anti-inurement provision. *See Kwatcher,* 879 F.2d at 959–60; *Kelly,* 814 F.Supp. at 229 n. 14.[8] As noted above, the anti-inurement provision provides that "the assets of a plan shall never inure to the benefit of any employer...." 29 U.S.C. § 1103(c)(1). Recognizing that clause as controlling in this instance is in keeping with what the Fifth Circuit has described as the primary objective of ERISA: "Safeguarding the well-being and security of working men and women and to apprise them of their rights and obligations under any employee benefit plan." *Meredith,* 980 F.2d at 358, *quoting Donovan v. Dillingham,* 688 F.2d 1367, 1372 (11th Cir.1982) (en banc). "When the employee and employer are one and the same, there is little need to regulate plan administration." *Meredith,* 980 F.2d at 358.

The bedrock principle, therefore, is the anti-inurement clause providing that the assets of a plan shall never inure to the benefit of an employer. It necessarily follows that the term "beneficiary," as used in § 1132(a)(1)(B), must be interpreted both consistently with the statute's other uses of the term, and *not* to include an employer. The statutory references to "beneficiary" are in the context of *beneficiaries of employees* and *beneficiaries of members of employee organizations,* and are not in the context of

---

**5.** While the Fourth Circuit in *Madonia* did not discuss the anti-inurement provision, the case is not inconsistent with the principle because the Court did not find that any dual status existed such as to enable the employer to benefit from the plan. *See* 11 F.3d at 448–50. Rather, the sole shareholder of the corporation was held to be the employee of such corporation, and thus a participant for purposes of ERISA, while the corporation itself was held to be the employer. *Id.*

**6.** Additionally, while not addressing the reasoning of *Harper,* one post-*Harper* appellate court

specifically reached a contrary result. *See Fugarino,* 969 F.2d at 186 (holding that sole proprietor plaintiffs were not beneficiaries under plan).

**7.** The *Eichhorn* Court did acknowledge its belief "that in enacting ERISA Congress did not mean to protect employers," and speculated that statutory language indicating the contrary may have been "an unintentional loophole" resulting from "sloppy drafting." 896 F.Supp. at 814.

**8.** The *Meredith* Court cited to the anti-inurement provision as well. 980 F.2d at 356 n. 21.

an employer being able to name himself as a beneficiary of an ERISA plan. *See* 29 U.S.C. §§ 1002(1); 1002(7); 1103(c)(1). Accordingly, based upon the better reasoned cases and likely approach of the Fifth Circuit, Plaintiff is not a beneficiary for purposes of ERISA.

 Plaintiff additionally asserts that TMG should be ordered, pursuant to 28 U.S.C. § 1447(c), to pay Plaintiff's costs and attorney's fees associated with the removal of this action because TMG inadequately considered the grounds for removal, or, alternatively, that TMG should be ordered, pursuant to Fed.R.Civ.P. 11 and 28 U.S.C. § 1446(a), to pay Plaintiff's attorney's fees because TMG did not have an objectively reasonable basis for removal of the action. After due consideration of the arguments, the Court has determined that an insufficient showing has been made to award attorney's fees to Plaintiff.

For the foregoing reasons, it is

ORDERED that Plaintiff's Motion to Remand (Document No. 4) is GRANTED, and this case is REMANDED to the 129th Judicial District Court of Harris County, Texas. It is

FURTHER ORDERED that Plaintiff's Motion for Costs and/or Motion for Sanctions (Document No. 4) is DENIED, and Plaintiff's Motion for Evidentiary Hearing (Document No. 13) is DENIED as moot.

The Clerk will enter this Order and send copies to all counsel of record.

### ORDER OF REMAND

For the reasons set forth in the separate Memorandum and Order signed this day, it is hereby ORDERED that Plaintiff's Motion to Remand (Document No. 4) is GRANTED, and this case is REMANDED to the 129th Judicial District Court of Harris County, Texas.

The Clerk shall mail a certified copy of this Order of Remand to the Clerk of the 129th Judicial District Court of Harris County, Texas as required by 28 U.S.C. § 1447, and

shall notify all parties and provide them with a true copy of this Order.