Christie Carol APFFEL

v.

**BLUE CROSS BLUE SHIELD OF TEXAS.**

**Civil Action No. G–97–256.**

United States District Court, S.D. Texas, Galveston Division.

Aug. 21, 1997.

---

James Andrew Freeman, McLeod Alexander Powel & Apffel, P.C., Galveston, TX, for plaintiff.

William Earle Griffey, Mills Shirley Eckel and Bassett, Houston, TX, Mary F. (Molly) Baer, Mills Shirley Eckel and Bassett, Galveston, TX, for defendant.

## ORDER DENYING MOTION TO DISMISS

KENT, District Judge.

Now before the Court is Defendant's Motion to Dismiss, filed in the District Court of Galveston County, Texas, 212th Judicial District on May 8, 1997. For the reasons set forth below, the Motion is **DENIED** and this action is **REMANDED** to the state court from which it was removed for further proceedings.

On November 2, 1995, the Defendant issued policy of insurance Group/Section No. 34668, known as a health benefit plan. That policy became effective on November 2, 1995. Plaintiff is insured under this policy as the named insured. Plaintiff is the daughter of Ervin A. Apffel, Jr., the majority owner and President of McLeod, Alexander, Powell & Apffel (McLeod Alexander). Plaintiff was originally insured as the dependant daughter of Mr. Apffel; upon reaching the maximum age of a dependent, Plaintiff obtained COBRA coverage under the same policy on November 2, 1995.

After the policy was in full force and effect, Plaintiff made a claim for benefits following a surgical procedure. Defendant subsequently denied Plaintiff's claim on the basis that the procedure was not covered under the terms of the policy. As a result of Defendant's failure to pay benefits, Plaintiff filed suit in state court alleging breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code and violations of the Texas Deceptive Trade Practices Act. Defendant moved to dismiss these claims on the basis that all claims grounded in state law are completely preempted by the Employee Retirement Income Security Act (ERISA). Defendant has subsequently removed this action to federal court.

In response, Plaintiff argues that she is not a "participant" in an employee welfare benefit plan as defined in the statute, and that, consequently, her claims are not preempted by ERISA.[1] In support of this argument, Plaintiff states that she is not an "employee" of McLeod Alexander. She further states that Mr. Apffel, the holder of the policy through which she obtained her COBRA coverage, is not an intended beneficiary under ERISA, and thus lacks standing to bring suit against Defendant. Plaintiff argues that Mr. Apffel is an "employer" as defined by the statute, and as such, cannot be considered a "participant" within the defi-

---

1. 29 U.S.C. § 1002(7) defines a "participant" as: any employee or former employee of an employer ... who is or may become eligible to receive a benefit of any type from an employer ... or whose beneficiaries may be eligible to receive any such benefit.

nition of ERISA.[2] Therefore, Plaintiff contends that because she could not bring suit under ERISA either as a "participant" or "beneficiary,"[3] her state law claims are not preempted; thus, this Court does not have federal question jurisdiction.

In order for the Defendant to refute Plaintiff's arguments, it must show that Mr. Apffel is not an "employer" as defined by ERISA. To that end, Defendant argues that Mr. Apffel is an *employee* shareholder of McLeod Alexander, a professional corporation under Texas law and a separate legal entity, not a sole proprietor, sole shareholder or partner. Therefore, as an employee of McLeod Alexander, Mr. Apffel is a participant as defined by ERISA and his daughter is a beneficiary.

To decide whether ERISA preempts Plaintiff's state law claims, the Court must first determine if an "employee welfare benefit plan" was established as required for ERISA coverage. *See Taylor v. Carter*, 948 F.Supp. 1290, 1293 (W.D.Tex.1996). The ERISA statute defines an "employee welfare benefit plan" as:

> any plan, fund, or program ... established or maintained by an employer ... to the extent that such a plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits ...

29 U.S.C. § 1002(1). The plan at issue in this case was established by McLeod Alexander for its employees, and was intended to provide the medical, surgical, or hospital care benefits, etc. Thus, it clearly falls within the statutory definition of an ERISA plan. The parties do not debate the existence of the plan as an ERISA welfare benefit plan. Rather, the status of Mr. Apffel as an employer or employee is the focus of this dispute.

Because the plan is governed by ERISA, the Court must next determine whether the Plaintiff has standing to bring an ERISA cause of action. To have standing, a person must be either a "participant" or a "beneficiary" of an ERISA plan. *Coleman v. Champion Int'l Corp./Champion Forest Products*, 992 F.2d 530, 532–34 (5th Cir. 1993); *Weaver v. Employers Underwriters, Inc.*, 13 F.3d 172, 177 (5th Cir.), *cert. denied*, 511 U.S. 1129, 114 S.Ct. 2137, 128 L.Ed.2d 866 (1994). If a Plaintiff lacks standing to assert claims under ERISA, she is free to pursue state law remedies. *Weaver*, 13 F.3d at 177. To be considered a "participant" of the plan, Plaintiff must be an "employee or former employee of an employer ... who is or may become eligible to receive a benefit ..." 29 U.S.C. § 1002(7). An "employee" under the statute is "any individual employed by an employer." 29 U.S.C. § 1002(6). Plaintiff in this case is not and never was an employee of McLeod Alexander. Therefore, Plaintiff does not have standing in the capacity of a "participant" to assert ERISA claims.

Moreover, Plaintiff does not have standing as a "beneficiary" to assert ERISA claims. A "beneficiary" is any "person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). Plaintiff obtained her COBRA coverage under the plan through her father, Mr. Apffel. Therefore, if Mr. Apffel is a "participant" under the terms of the statute, then Plaintiff would meet the statutory definition of a "beneficiary." However, to be a "participant" under ERISA, Mr. Apffel must meet the definition of an "employee." It is clear that ERISA prohibits dual employer-employee status. *Meredith v. Time Ins. Co.*, 980 F.2d 352, 356 (5th Cir.1993). To permit a person to possess the dual status of employer and employee in order to avail himself of ERISA remedies runs afoul of the funda-

---

**2.** 29 U.S.C. § 1002(5) defines "employer" to mean:

> any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan;
> 29 U.S.C. § 1002(9) defines "person" to mean an individual, partnership, joint venture, corporation, mutual company, joint-stock compa-

ny, trust, estate, unincorporated organization, association, or employee organization.

**3.** 29 U.S.C. § 1002(8) defines a "beneficiary" as a:

> person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder.

mental requirement of ERISA, that "the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan." 29 U.S.C. § 1103(c)(1). Therefore, the Court must carefully examine Mr. Apffel's status as the majority shareholder and President of this professional corporation in order to determine which category Mr. Apffel falls into.

Most of cases addressing this issue in the past have largely considered only sole proprietorships and sole shareholders. A minority of courts follow the reasoning of the Fourth Circuit in *Madonia v. Blue Cross & Blue Shield of Virginia*, 11 F.3d 444 (4th Cir. 1993), cert. denied, 511 U.S. 1019, 114 S.Ct. 1401, 128 L.Ed.2d 74 (1994). In that case, the question centered on whether Dr. Madonia, the sole shareholder of a Virginia corporation, was not a participant under the plan because he was an employer. The Fourth Circuit held that Dr. Madonia to be an employee of his corporation and therefore a participant. The court found that because under Virginia law, "a corporation is a legal entity separate and distinct from its shareholders," even a sole shareholder like Dr. Madonia was an employee. *Id.* at 449. This is the reasoning that the Defendant urges the Court to follow in this case.

However, the majority of circuits, including the Fifth Circuit, have rejected this analysis. The Fifth Circuit has held that a sole proprietor was not an employee under the terms of ERISA. The court reasoned, "[w]hen the employee and employer are one and the same, there is little need to regulate plan administration." *Meredith*, 980 F.2d at 358. When an individual dominates the actions of a corporate entity, the Court must acknowledge the actuality of the situation: such an individual assuredly acts "in the interest of" the corporation. That individual is thus subject to classification as an "employer." *See Kwatcher v. Massachusetts*

*Service Employees Pension Fund*, 879 F.2d 957, 960 (1st Cir.1989).

Considering the specific facts of this case, Mr. Ervin A. Apffel is an "employer" as defined by ERISA. Mr. Apffel is the majority shareholder and President of McLeod Alexander. He is an active member of the five member executive committee which governs the firm. Furthermore, he was personally involved in the selection and retention of the Defendant as the firm's health insurance provider. This included deciding what coverage to offer the employees and whether to renew the health insurance with the Defendant. Mr. Apffel is well known throughout the Galveston County legal community. Simply put, he is McLeod Alexander in the Galveston Bar. To suggest that he is a mere employee of the firm ignores the actuality of the situation. Therefore, the Court finds that Mr. Apffel has the kind of decision making power with respect to all of the firm's activities, including the firm's health insurance, as is expected to be exercised by a traditional "employer."

Accordingly, as Mr. Apffel is not an "employee" of McLeod Alexander, under the terms of the ERISA statute, he cannot be a "participant" in the firm's employee benefit plan. It necessarily follows, then, that because Mr. Apffel is not a "participant," his daughter, the Plaintiff here, cannot be a "beneficiary" of that same plan.[4] Therefore, Plaintiff does not have standing, either as a "participant" or a "beneficiary" to bring an ERISA cause of action; thus, her state law claims are not preempted by federal law. As such, the Defendant's Motion to Dismiss is **DENIED**. Furthermore, the case is **REMANDED** to the state court from which it was removed **FOR WANT OF SUBJECT MATTER JURISDICTION**. The parties are instructed to file nothing further regarding these claims in this Court, including motions to reconsider and the like, unless compelling evidence reveals that such consideration is warranted.[5] All parties are

---

4. Plaintiff is also not designated by the terms of an employee benefit plan as a person who is or may become entitled to a benefit thereunder.

5. An Order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise. 28 U.S.C. § 1447(d).

**ORDERED** to bear their own costs incurred to date.

**IT IS SO ORDERED.**