Ellen LAIN, Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA, Defendant.

No. Civ.A. H–97–3560.

United States District Court,
S.D. Texas,
Houston Division.

Oct. 22, 1998.

Paul D. Clote, Paul D. Clote and Associates, Houston, TX, Marc E. Grossberg, Schlanger Mills Mayer & Grossberg, Houston, TX, Michael D. Stein, Schlaper Mills Mayer & Grossberg, Houston, TX, for Ellen Lain.

Doug K. Butler, Figari and Davenport, Dallas, TX, for UNUM Life Insurance of America.

## MEMORANDUM OPINION AND ORDER

LAKE, District Judge.

Pending before the court are Plaintiff's Motion for Partial Summary Judgment (Docket Entry No. 16) and Defendant's Motion to Strike Jury Demand (Docket Entry No. 21). For the reasons explained below plaintiff's motion will be denied and defendant's motion will be granted.

### I. BACKGROUND

Plaintiff Ellen Lain is a former partner in the law firm of Schlanger, Mills, Macer & Grossberg (formerly known as Schlanger, Cook, Cohn, Mills & Grossberg).[1] As a partner Lain had the authority to act on behalf of the firm in furtherance of its business in the same manner as the other partners in the firm, and she shared in the firm's profits and losses. Lain withdrew from the partnership on October 30, 1995.

Sometime in 1988 or 1989 the law firm selected defendant UNUM Life Insurance Company of America ("UNUM") as the firm's long-term disability insurance carrier. As a partner in the firm Lain participated in the firm's decisions to select UNUM, to insure all employees, and to make insurance for partners optional at their choice and cost, and the firm's choices of the length of the waiting period, the benefit levels under the policy, minimum requirements for coverage, and the definition of disability for each class covered by the policy. Lain specifically recalls discussions in the firm's conference room regarding the proposed UNUM policy and the final vote to adopt the plan.[2] The

---

1. More precisely, Lain was the sole shareholder of Ellen Lain, P.C., which in turn was a partner in the law firm.

2. Affidavit of Ellen Lain (Docket Entry No. 18) at unnumbered pages 1–3.

long-term disability plan did not automatically cover partners; however, partners could become covered by paying their own premiums.[3] Lain enrolled in the plan as a partner in the law firm.

Lain submitted a claim for benefits to UNUM in September of 1995.[4] UNUM denied it. On September 29, 1997, Lain filed suit against UNUM in the 164th District Court of Harris County. UNUM removed the action to this court on October 28, 1997, and filed an answer and counterclaim on November 6, 1997. On July 15, 1998, Lain filed an amended complaint asserting seven causes of action:

(1) breach of contract,

(2) equitable or promissory estoppel,

(3) common-law fraud and intentional misrepresentation,

(4) violation of the Texas Deceptive Trade Practices Act,

(5) violation of article 21.21 of the Texas Insurance Code,

(6) breach of fiduciary duty and breach of the duty of good faith and fair dealing, and

(7) in the event that these claims are preempted, denial of benefits and breach of fiduciary duty under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461.

On August 19, 1998, Lain filed a motion for partial summary judgment asking this court to declare that ERISA does not preempt her state-law claims against UNUM. On September 24, 1998, UNUM filed a motion to strike Lain's jury demand. Because the court's ruling on the motion to strike depends upon whether ERISA preempts Lain's state law claims, the court first will evaluate Lain's motion for partial summary judgment.

## II. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure governs the propriety of summary judgment. Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir.1996); *Rogers v. International Marine Terminals, Inc.*, 87 F.3d 755, 758 (5th Cir. 1996). The Supreme Court has interpreted the plain language of Rule 56(c) as mandating "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *see Gunaca v. Texas*, 65 F.3d 467, 469 (5th Cir.1995).

A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not *negate* the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (*en banc*) (quoting *Celotex*, 106 S.Ct. at 2553). "The movant accomplishes this by informing the court of the basis for its motion, and by identifying portions of the record which highlight the absence of genuine factual issues." *Rizzo v. Children's World Learning Ctrs., Inc.*, 84 F.3d 758, 762 (5th Cir.1996) (citing *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992)). If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Little*, 37 F.3d at 1075.

If, however, the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and to show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *EEOC v. Texas Instruments Inc.*, 100 F.3d 1173, 1180

---

3. Long Term Disability Income Plan at LC–PO–3, Summary of Plan Benefits at L–PS–2, Lain Affidavit, Exhibits A–1 & A–2.

4. Plaintiff's First Amended Original Complaint ¶ 8 (Docket Entry No. 14), Defendant's Response to Plaintiff's Motion for Partial Summary Judgment (Docket Entry No. 20) at 1.

(5th Cir.1996); *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1046–47 (5th Cir.1996). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a mere scintilla of evidence. *Wallace*, 80 F.3d at 1047; *Little,* 37 F.3d at 1075.

Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Wallace,* 80 F.3d at 1047; *accord, S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 494 (5th Cir.1996). The court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands Ltd. v. Washington Capital Dus, Inc.,* 66 F.3d 89, 92 (5th Cir.), *as modified,* 70 F.3d 26 (5th Cir.1995). Unless there is sufficient evidence for a reasonable jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Texas Instruments Inc.,* 100 F.3d at 1179.

When affidavits are used to support or oppose a motion for summary judgment they "shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed.R.Civ.P. 56(e); *Beijing Metals & Minerals Import/Export Corp. v. American Bus. Ctr., Inc.,* 993 F.2d 1178, 1182 (5th Cir.1993). Affidavits that are not based on personal knowledge or that are based merely on information and belief do not satisfy the requirements of Rule 56(e), and those portions of an affidavit that do not comply with Rule 56(e) are not entitled to any weight and cannot be considered in deciding a motion for summary judgment. *Richardson v. Oldham,* 12 F.3d 1373, 1378–79 (5th Cir.1994). Neither shall conclusory affidavits suffice to create or negate a genuine issue of fact. *McCallum Highlands, Ltd.,* 66 F.3d at 92; *Travelers Ins. Co. v. Liljeberg Enters., Inc.,* 7 F.3d 1203, 1207 (5th Cir.1993); *Salas v. Carpenter,* 980 F.2d 299, 305 (5th Cir.1992).

## III. DISCUSSION

■ Lain asks the court to declare that the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461, does not preempt her state-law claims. When defendants assert a preemption defense, they must overcome a presumption against preemption. *See California Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.,* 519 U.S. 316, 117 S.Ct. 832, 838, 136 L.Ed.2d 791 (1997). ERISA § 514(a) provides:

> Except as provided in subsection (b)[5] of this section, the provisions of this subchapter [ERISA subch. I, §§ 2–515, 29 U.S.C. §§ 1001–1145] and subchapter III [ERISA §§ 4001–4402, 29 U.S.C. §§ 1301–1461] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. . . .

29 U.S.C. § 1144(a). To prevail on the issue of ERISA preemption a defendant must establish that the plan at issue is an employee benefit plan covered by ERISA and that the state-law claims involved in the lawsuit "relate to" that plan. *See Vega v. National Life Ins. Servs., Inc.,* 145 F.3d 673, 675–76 (5th Cir.1998) (explaining that ERISA would not preempt unless "there exist[ed] a valid ERISA plan"); *Weaver v. Employers Underwriters, Inc.,* 13 F.3d 172, 175–76 (5th Cir. 1994) (explaining that even if ERISA covered the plan at issue, ERISA does not preempt state-law claims unless they relate to the ERISA plan). Thus, the court must first determine whether the long-term disability plan provided by UNUM for Lain's law firm qualifies as an employee benefit plan.

### A. Employee Benefit Plans Under ERISA

ERISA only preempts those claims that relate to employee benefit plans. *See* ERISA § 514(a), 29 U.S.C. § 1144(a). An "employee welfare benefit plan" is an employee benefit plan covered by ERISA. *See id.* § 3(3); 29 U.S.C. § 1002(3). Under

---

**5.** Subsection (b) lists a variety of exceptions to preemption, none of which apply here.

ERISA an employee welfare benefit plan is defined in relevant part as

> [A]ny plan, fund, or program which was heretofore or is hereafter established or maintained by an employer ... to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment....

*Id.* § 3(1), 29 U.S.C. § 1002(1). The plan at issue in this case is thus an employee welfare benefit plan if:

(1) it actually exists,

(2) it does not fall within the safe-harbor established by the Department of Labor for certain group insurance programs, and

(3) the employer established or maintains the plan with the intent to benefit employees.

*See Meredith v. Time Ins. Co.,* 980 F.2d 352, 355 (5th Cir.1993).

■■■ To determine whether a plan actually exists the court must look to the surrounding circumstances and decide whether "a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits." *Meredith,* 980 F.2d at 355 (quoting *Donovan v. Dillingham,* 688 F.2d 1367, 1373 (11th Cir.1982) (*en banc* )). Lain has offered no evidence that a reasonable person could not have ascertained these details about the plan. Indeed, the "Summary of Plan Benefits" lists the benefits available, eligible beneficiaries, sources of funding, and procedures for making disability claims.[6] Moreover,

Lain participated in the firm's decisions as to benefit levels, coverage, and source of premiums.[7]

Under 29 C.F.R. § 2510.3–1(j) the Department of Labor has established a "safe-harbor" from ERISA coverage for certain group-type insurance programs offered to employees in which:

(1) no contributions are made by the employer to the plan,

(2) participation in the plan is voluntary,

(3) the employer's participation is limited to collecting premiums and remitting them to the insurer, and

(4) the employer receives no consideration in connection with the program, other than reasonable compensation for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

Lain offers no evidence or argument that UNUM's long-term disability plan falls within this safe harbor, and the certificate of coverage and plan summary do not otherwise convince the court that the safe harbor applies.

■■■ Lastly, the court must determine whether Lain's law firm established or maintains the plan with the intent to benefit employees. Lain admits in her affidavit that the law firm contracted with UNUM to establish a long-term disability plan and that the firm intended to provide disability benefits to all employees.[8] Lain offers no evidence or argument that the law firm did not establish its long-term disability plan with the intent to benefit its employees. Thus, UNUM's long-term disability plan for the law firm is an employee welfare benefit plan under the Fifth Circuit's three-part test.[9]

---

6. Summary of Plan Benefits at L–PS–1, L–BEN–1 to L–BEN–6, L–EFF–1, L–PREM–1 to L–PREM–2, L–GPP–2 to L–GPP–3, Lain Affidavit, Exhibit A–2.

7. Lain Affidavit at unnumbered page 2.

8. Lain Affidavit at unnumbered page 2.

9. Department of Labor regulations also support this conclusion. Plans under which no employees are covered are not employee benefit plans. *See* 29 C.F.R. § 2510.3–3(b). For the purpose of

determining whether a plan is covered by ERISA, partners in a partnership are deemed not to be employees of the partnership. *See id.* § 2510.3–3(c)(2) (1998). Thus, if the long-term disability plan only covered the partners in the law firm, it would not be an employee benefit plan because partners are not employees and plans under which no employees are covered are not employee benefit plans. *See Robertson v. Alexander Grant & Co.,* 798 F.2d 868, 871 (5th Cir.1986). However, the plan at issue here covers the firm's employees as well as partners who

## B. The "Relate To" Test

■ ERISA preempts state law claims if

(1) the claims address areas of exclusive federal concern like an insured's right to receive benefits under a plan covered by ERISA, and

(2) "the claims directly affect the relationship between the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries."

*See Weaver v. Employers Underwriters, Inc.,* 13 F.3d 172, 176 (5th Cir.1994) (quoting *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.,* 904 F.2d 236, 245 (5th Cir.1990)). Lain does not directly address this test for preemption. Instead, she argues that she is not a participant or beneficiary under ERISA and that therefore she has no standing to sue UNUM under ERISA's civil enforcement provision. Lain argues that if she has no standing ERISA does not preempt her claims.

While ERISA creates a cause of action to challenge a denial of benefits, only participants, beneficiaries, fiduciaries, and the Secretary of Labor may bring such suits. *See* ERISA § 502(a), 29 U.S.C. § 1132(a); *Coleman v. Champion Int'l Corp./Champion Forest Prods.,* 992 F.2d 530, 533 (5th Cir.1993). Persons bringing claims for benefits who do not fall into one of these four categories cannot bring an action under ERISA's civil enforcement provision. *See Coleman,* 992 F.2d at 534; *see also Boggs v. Boggs,* 520 U.S. 833, 117 S.Ct. 1754, 1763, 138 L.Ed.2d 45 (1997) ("Persons with an interest in a pension plan may bring a civil suit under ERISA's enforcement provisions only if they are either a participant or a beneficiary.").

### 1. ERISA Participants

UNUM argues that Lain is a participant under the long-term disability plan. ERISA defines the term "participant" as:

> choose to be covered. The regulations provide that plans that cover employees and nonemployees are covered plans. *See* 29 C.F.R. § 2510.3–3(b).

**10.** The Fifth Circuit has characterized this definition as "oblique." *See Meredith v. Time Ins. Co.,*

> any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

ERISA § 3(7), 29 U.S.C. § 1002(7). Only employees, former employees, or members or former members of an employee organization can qualify as participants under § 3(7). Lain argues that as a partner in the law firm she was an employer and not an employee, and therefore that she was not a participant under ERISA.

ERISA defines "employee" to mean "any individual employed by an employer." *Id.* § 3(6), 29 U.S.C. § 1002(6).[10] An "employer" is "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan ... and includes a group or association of employers acting for an employer in such capacity." *Id.* § 3(5), 29 U.S.C. § 1002(5). In *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 112 S.Ct. 1344, 1348, 117 L.Ed.2d 581 (1992), the Supreme Court held that courts should apply a common-law test when determining whether an individual is an employee or an independent contractor. Specifically, courts should consider a number of factors, including:

(1) "the hiring party's right to control the manner and means by which the product is accomplished,"

(2) "the skill required,"

(3) "the source of the instrumentalities and tools,"

(4) "the location of the work,"

(5) "the duration of the relationship between the parties,"

980 F.2d 352, 356 (5th Cir.1993). According to the Supreme Court, it "is completely circular and explains nothing." *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 112 S.Ct. 1344, 1348, 117 L.Ed.2d 581 (1992).

(6) "whether the hiring party has the right to assign additional projects to the hired party,"

(7) "the extent of the hired party's discretion over when and how long to work,"

(8) "the method of payment,"

(9) "the hired party's role in hiring and paying assistants,"

(10) "whether the work is part of the regular business of the hiring party,"

(11) "whether the hiring party is in business,"

(12) "the provision of employee benefits," and

(13) "the tax treatment of the hired party."

*Id.* (quoting *Community for Creative Non-Violence v. Reid,* 490 U.S. 730, 109 S.Ct. 2166, 2178–79, 104 L.Ed.2d 811 (1989) (footnotes omitted)). This test is not entirely applicable to this case because it is intended to distinguish between common-law employees and independent contractors, both of whom are "hired parties." Lain was a partner in a law firm; she does not claim to be an independent contractor. However, to the extent that *Darden* applies, the factors weigh against characterizing Lain as an employee. As a partner participating in the management and control of the firm, she had a right to control the manner and means by which the firm provided legal services and had the right to assign additional projects to hired parties. She did not receive a salary but shared in the firm's profits. The long-term disability plan did not automatically cover her; she only qualified for benefits by electing coverage and paying her own premium.

Neither Lain nor UNUM relies on *Darden* in its briefs; they refer instead to a number of conflicting cases as authority for their positions. UNUM argues that the Fifth Circuit has decided the ultimate issue in this case—whether ERISA preempts claims for benefits by a partner—in *Vega v. National Life Ins. Servs., Inc.,* 145 F.3d 673 (5th Cir. 1998). In *Vega* the wife of a sole proprietor sued the couple's insurance carrier when it denied her claim for benefits after the wife underwent surgery. The wife was covered by a group medical plan her husband had sponsored as an employer. Pursuant to 29 C.F.R. § 2510.3–3(c)(1) ERISA does not govern medical plans that only cover owners of sole proprietorships and their spouses. The wife argued that ERISA did not cover the plan. The court held, however, that because the insurance plan covered a third-person who was an employee of the wife's husband, § 2510.3–3(c)(1) did not apply and ERISA did cover the plan. The *Vega* court, however, did not address Lain's argument that ERISA does not preempt her claims because she has no standing to sue under ERISA.

In *Harris v. TMG Life Ins. Co.,* 915 F.Supp. 869, 871 (S.D.Tex.1996) (Werlein, J.), the court held that a dentist who owned his own practice was not an employee of the practice and therefore not a participant under the definition in ERISA. The dentist had acquired a group medical policy covering his two employees and himself. When the insurance provider failed to provide him medical benefits, the dentist sued under Texas law. The insurer removed to the district court alleging complete preemption by ERISA. *See id.* at 870. On the dentist's motion for remand the court examined several opinions from various circuits and concluded that, while some cases had held that the sole shareholder of a corporation could be both an employer and an employee under ERISA, *see, e.g., Madonia v. Blue Cross & Blue Shield,* 11 F.3d 444, 448–50 (4th Cir. 1993), such reasoning did not apply to sole proprietors of unincorporated associations. *See Harris,* 915 F.Supp. at 871. Because the dentist was the sole proprietor of an unincorporated business, the court concluded he was not an employee of his business and therefore not a participant under ERISA. *See id.*

Similarly, in *Apffel v. Blue Cross Blue Shield,* 972 F.Supp. 396, 399 (S.D.Tex.1997) (Kent, J.), the court held that the majority shareholder and president of a professional corporation was not an employee of the firm and therefore not a participant under ERISA. In *Apffel* the daughter of the shareholder sued an insurer under state law when the insurer denied her claim for medical benefits following surgery. The insurer sought to dismiss her state-law claims on the basis of preemption. *See id.* at 397. The

court concluded that ERISA did not preempt. *See id.* at 399.

The court first determined that the daughter was not a participant in the plan because she was not an employee or former employee of the firm. *See id.* at 398. The crucial issue then became whether her shareholder-father was a participant or beneficiary under ERISA. The court noted that a minority of courts follow *Madonia*'s holding that shareholders can be employees of their businesses. However, the court concluded that a majority of courts, including the Fifth Circuit, follow the reasoning in *Kwatcher v. Massachusetts Serv. Employees Pension Fund,* 879 F.2d 957 (1st Cir.1989), and hold that sole proprietors and other individuals who dominate the actions of business entities are employers and therefore not employees of their firms. *See Apffel,* 972 F.Supp. at 399. Because the shareholder was not an employee of the firm, he was not a participant under ERISA. Because he was not a participant, the court concluded that his daughter was not a beneficiary under ERISA. *See id.*

Likewise, in *Taylor v. Carter,* 948 F.Supp. 1290, 1300 (W.D.Tex.1996) (Ferguson, J.), the court held that the vice-president and minority shareholder of a corporation was an employer and not an employee and therefore not a participant in the company's group insurance policy. The court focused on ERISA's definition of employer and noted that the plaintiff had significant involvement both in the company's decision to acquire and its continued management of the group insurance plan. *See id.* at 1298–99. Because the plaintiff had acted in the interest of the company in relation to the company's employee benefit plan, *see* ERISA § 3(5), 29 U.S.C. § 1002(5), the court concluded that he was an employer and therefore not a participant under ERISA. *See Taylor,* 948 F.Supp. at 1300. *Taylor, Harris,* and *Apffel* provide strong support for Lain's argument that she

is not an employee and therefore not an ERISA participant.[11]

Department of Labor regulations provide further support for Lain's argument. For purposes of determining whether ERISA governs a particular plan, partners in a partnership are deemed not to be employees of the partnership. *See* 29 C.F.R. § 2510.3–3(c)(2) (1998). While this definition expressly applies only to § 2510.3–3, which addresses whether ERISA governs a particular plan, it is persuasive authority for the broader issue of a party's general status as an ERISA employer or employee.

The common law and statutory law of partnership also support the conclusion that a partner, especially one who acted in the partnership's interests in selecting an ERISA plan, is not an employee under ERISA. The common law provides guidance under ERISA on the question of whether an insured individual is an employee. *See Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 112 S.Ct. 1344, 1348, 117 L.Ed.2d 581 (1992). The common law of partnership favors the view "that a partnership is a group of individuals whose rights and duties are defined by the law of joint or common tenancy and the law of joint obligations." 19 Robert W. Hamilton, *Texas Practice: Business Organizations* § 151, at 139 (1973). Under this view a partnership is an aggregation of individuals having joint ownership of the enterprise. For some purposes, however, a partnership is considered an independent entity. *See id.* Under Texas law a partnership is "an association of two or more persons to carry on as co-owners a business for profit." Texas Uniform Partnership Act (TUPA) § 6, Tex.Rev. Civ.Stat.Ann. art. 6132b, § 6 (Vernon 1970); Texas Revised Partnership Act (TRPA) § 2.02(a), Tex.Rev.Civ.Stat.Ann. art. 6132b–2.02(a) (Vernon Supp.1998). Entities other than individuals, such as corporations and other partnerships, may be partners in a partnership. *See* TUPA § 2, Tex.Rev.Civ.

---

**11.** *Harris, Apffel,* and *Taylor* all proceeded under the reasonable assumption that an individual cannot be both employer and employee under ERISA. Indeed, the Fifth Circuit has held in the context of determining whether ERISA covers a particular plan that an employer is not an employee. *See Meredith v. Time Ins. Co.,* 980 F.2d

352, 356 (5th Cir.1993); *Robertson v. Alexander Grant & Co.,* 798 F.2d 868, 870–71 (5th Cir. 1986). In fact, under ERISA an employee is an individual employed by an employer. Though the definition is circular, it implies a distinction between employees and employers.

Stat.Ann. art. 6132b, § 6 (Vernon 1970) (defining "person" to include "individuals, partnerships, corporations, and other associations"); TRPA § 1.01(14), Tex.Rev.Civ.Stat. Ann. art. 6132b–1.01(14) (Vernon Supp.1998) (defining "person" to include "an individual, corporation, business trust, estate, trust, custodian trustee, executor, administrator, nominee, partnership ..., association, limited liability company, government, governmental subdivision, governmental agency, governmental instrumentality, and any other legal or commercial entity, in its own or representative capacity"). It would be inconsistent to characterize as an employee a co-owner of an unincorporated business who held management rights in that business.

Finally, at least with respect to her law firm's long-term disability plan, Lain acted in the interests of the partnership when she participated in the choice of plans and its terms. This makes her an employer under ERISA's definition. *See* ERISA § 3(5), 29 U.S.C. § 1002(5). Given the case authority, the Department of Labor regulation, the general law of partnership, and the definitions in ERISA, the court concludes that Lain was not an employee of the firm. Because she was not an employee of the firm, the court concludes that she was not a participant as defined under ERISA.

### 2. ERISA Beneficiaries

■ While Lain is not a participant as that term is defined under ERISA, she is a beneficiary. Under ERISA, " 'beneficiary' means a person designated by a participant, *or by the terms of an employee benefit plan*, who is or may become entitled to a benefit thereunder." ERISA § 3(8), 29 U.S.C. § 1002(8) (emphasis added). While no plan participant designated Lain as a beneficiary, the plan designated her as one. The long-term disability plan expressly covers partners who pay their own premiums. Because Lain paid her premiums, she was a beneficiary under the plan.

■ Lain relies on contrary holdings in *Taylor* and *Harris.* In both cases the courts held that an employer cannot be a beneficiary under ERISA. *See Taylor,* 948 F.Supp. at 1301; *Harris,* 915 F.Supp. at 872–73.

Both courts relied on ERISA's anti-inurement provision, which states that "the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries." ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1). According to the *Harris* and *Taylor* courts, this provision prevents employers from naming themselves as beneficiaries of an ERISA plan. *See Taylor,* 948 F.Supp. at 1301; *Harris,* 915 F.Supp. at 872–73. The court respectfully disagrees with the reasoning of *Harris* and *Taylor.*

■ To inure means "to become of advantage," *Merriam Webster's Collegiate Dictionary* 615 (10th ed.1996), or "to come to the benefit of a person or to fix his interest therein." *Black's Law Dictionary* 739 (5th ed.1979). The court agrees with the Eleventh Circuit that "ERISA's anti-inurement provision addresses plan assets—i.e., 'assets accumulating in trust and pension funds'— and is designed to guard against ' "such abuses as self-dealing, imprudent investing, and misappropriation of plan funds" ' by plan administrators and employers." *Engelhardt v. Paul Revere Life Ins. Co.,* 139 F.3d 1346, 1351 (11th Cir.1998) (quoting *Prudential Ins. Co. of America v. Doe,* 76 F.3d 206, 209 (8th Cir.1996) (quoting *Fort Halifax Packing Co., Inc. v. Coyne,* 482 U.S. 1, 107 S.Ct. 2211, 2219, 96 L.Ed.2d 1 (1987))); *accord Salameh v. Provident Life & Accident Ins. Co.,* 23 F.Supp.2d 704, 716, Civil Action No. H–96–2874, 1998 WL 658657, at *10 (S.D.Tex. Sept.24, 1998) (Crone, M.J.). As in *Engelhardt* any long-term disability benefits distributed to Lain would not come out of funds entrusted to the law firm by its employees, but from the insurer. *See Engelhardt,* 139 F.3d at 1351.

The court concludes that under the definition set out in § 3(8) Lain is a beneficiary of the long-term disability plan because the plan designates her as an individual entitled to receive benefits. Indeed, a contrary holding would allow some insured individuals to enforce their rights against an ERISA plan under state law while requiring others to provide claims under ERISA. Such a holding "would frustrate Congress's intent of

 

achieving uniformity in the law governing employment benefits." *Salameh,* 23 F.Supp.2d at 716, 1998 WL 658657 at *11.

■ While Lain is not a participant as defined by ERISA, she is a beneficiary entitled to bring an enforcement action against UNUM under § 502(a). She thus has standing to sue under ERISA § 502(a). Because she has standing to sue, the court concludes that § 544(a) preempts her state-law claims, all of which challenge UNUM's denial of long-term disability benefits. The court will therefore deny Lain's motion for partial summary judgment.

## IV. MOTION TO STRIKE JURY DEMAND

Because the court has concluded that ERISA preempts Lain's state-law claims, her only remaining cause of action is her denial of benefits claim under ERISA § 502(a), 29 U.S.C. § 1132(a). "ERISA claims do not entitle a plaintiff to a jury trial." *Borst v. Chevron Corp.,* 36 F.3d 1308, 1324 (5th Cir. 1994), *cert. denied,* 514 U.S. 1066, 115 S.Ct. 1699, 131 L.Ed.2d 561 (1995); *Calamia v. Spivey,* 632 F.2d 1235, 1237 (5th Cir. Unit A 1980). Lain concedes that if ERISA preempts her state-law claims, her ERISA claim must be tried to the court without a jury. (Plaintiff's Opposition to Defendant's Motion to Strike Jury Demand ¶ 3) Therefore, the court will grant UNUM's motion to strike Lain's jury demand.

## V. CONCLUSION AND ORDER

Because Lain was a beneficiary under the plan she has standing to sue UNUM under ERISA § 502(a). Because all of her state-law causes of action relate to an employee welfare benefit plan governed by ERISA, Lain's state-law claims are preempted by ERISA. Therefore, Plaintiff's Motion for Partial Summary Judgment (Docket Entry No. 16) is **DENIED,** and her state law claims will be dismissed. Lain's only remaining claim is a challenge against UNUM's denial of benefits under ERISA § 502(a). Because Lain does not have a right to try claims brought under ERISA to a jury, Defendant's Motion to Strike Jury Demand (Docket Entry No. 21) is **GRANTED.** The parties'

Joint Motion for Continuance (Docket Entry No. 27) is **GRANTED.** Counsel will appear on November 6, 1998, at 2:00 p.m., in Court Room 9–B, 9th Floor, United States Courthouse, 515 Rusk Avenue, Houston, Texas, for a scheduling conference.